11 JOAN BERNARD ARMSTRONG, Judge.
This is a workers’ compensation case. The employer, Michaels Stores, Inc., initiated this action by filing with the office of Workers’ Compensation a form LDOL-WC-1008 “Disputed Claim For Compensation.” The employer alleged that it was paying compensation benefits but that, because the employee, Tara Hart, had refused to appear for an independent medical examination, she should be compelled to appear for a medical examination and her compensation benefits should be suspended and/or reduced. The Workers Compensation Judge (“WCJ”) dismissed the employer’s action as premature. The employer appeals. Because the issue presented by the employer has been decided adversely to the employer’s position by another panel of this court in another case, we will affirm.
The WCJ dismissed the employer’s action because the employer’s form LDOL-WC-1008 did not contain any of the four allegations of La. R.S. 23:1314(1) — (4). We have examined the employer’s LDOL-WC-1008 form and verified that it does not contain any of the statutorily-required allegations and, in fact, the employer does not contend otherwise.
| ¡/The employer argues that an employer who is paying compensation, but wishes to compel a medical examination and/or suspend benefits pursuant to La. R.S. 23:1124, necessarily can never make the allegations required by La. R.S. 23:1314(1) — (4) which allegations must involve an employer’s failure to meet its workers compensation obligations. Thus, *202 the employer argues, the requirements of La. R.S. 28:1314(1) — (4) should not be applied to employers’ LDOL-WC-1008 forms. We agree that La. R.S. 23:1314 is directed towards allegations of employees rather than employers. See H. Alston Johnston, III, 14 Louisiana Civil Law Treatise: Workers’ Compensation Law and Practice § 383 (3rd ed.1994). However, this court already has decided that La. R.S. 23:1314 applies to LDOL-WC-1008 forms filed by employers. Labor Ready Inc. v. Mark Lorick, No.2000-C-1559 (La. App. 4th Cir.9/6/2000) (copy attached hereto as an appendix), writ denied, Labor Ready, Inc. v. Lorick, 2000-2801 (La.12/8/00), 776 So.2d 461.
Consequently, the WCJ was correct in dismissing the employer’s LDOL-WC-1008 form as premature. The employer makes a good point that employers should be able to file a LDOL-WC-1008 form in cases where an employee who is receiving benefits has allegedly failed to appear for a medical examination. However, that is something that must be dealt with by the legislature amending the Workers’ Compensation statute or the Supreme Court holding that La. R.S. 23:1314 does not apply to LDOL-WC-1008 forms filed by employers.
For the foregoing reasons, the judgment of the WCJ is affirmed.

AFFIRMED.

11 APPENDIX
NO. 2000-C-1559
COURT OF APPEAL, FOURTH CIRCUIT
STATE OF LOUISIANA LABOR READY, INC. versus MARK LORICK In Re: LABOR READY, INC.
Applying for: SUPERVISORY WRIT
Directed to: HONORABLE GWENDOLYN R. THOMPSON, JUDGE THE OFFICE OF WORKERS’ COMPENSATION DIVISION 00-02578
WRIT DENIED
The appellant, Labor Ready, Inc., brings this supervisory writ application to our attention questioning the worker’s compensation proceeding which held that it, the Employer, was not entitled to statutory penalties and attorney’s fees for the Employee’s (Mark Lorick) failure to appear at a mediation proceeding required by 23:1310 (B)(2) of the Louisiana Worker’s Compensation Act. Appellant’s complaint centers around the trial court’s interpretation and use of La.R.S. 23:1314(A), which imposes discretion on the court to rule an Employer’s (or any “claimant’s”) Claim Form 1008/Petition premature if the form does not allege one of the four statutorily provided scenarios. Labor Ready, Inc. complains that the trial court not only interpreted 23:1314(A) wrongly, but also applied this statute to their proceeding unjustifiably. For the below stated reasons, we agree with the lower court’s use and interpretation of 23:1314(A) to this case and deny applicant’s request for a supervisory writ.

\ ¡Facts

The appellant, Labor Ready Inc. filed suit disputing appellee’s entitlement to benefits under the Louisiana Worker’s Compensation Act without specifically alleging that benefits had been terminated or denied. Appellee, Mark Lorick, alleges that he was involved in an accident while on the job resulting in permanent damage to his lower back and groin area. Labor Ready Inc. disputes this employer injury *203 on the basis of a pre-existing condition of Mr. Lorick’s and further amended its claim form to include the affirmative defense of intoxication pursuit to Section 1081(l)(b) of the Louisiana Worker’s Compensation Act (The Act), as justifying nonpayment of benefits. Following appellant’s filing of the previously mentioned claim form, the Employer’s disputes were scheduled for mediation on May 25, 2000. Neither the Employee nor his counsel appeared for the required mediation as mandated by Section 1310(B)(2) of the Act and Hearing Rule 5819. Due to this unatten-dance by appellee, Labor Reading, Inc. filed a formal motion for Attorneys’ Fees and Penalties. That motion came before the trial court for hearing on June 14, 2000, and based on a strict reading of La. R.S. 23:1314, the motion request was denied.
Discussion
To determine if the lower court applied La. R.S. 23:1314(A) properly and denied appellants requested attorney’s fees and penalties, a clear understanding of how the Office of Worker’s Compensation (OWC) handles a claimant’s petition form proves helpful. The law in effect since 1984 was explained by Justice Dennis of the Louisiana Supreme Court in Tuner v. Maryland Casualty Co., 518 So.2d 1011, 1014-1015 (La.1988). Under the law as amended by Act 938 of 1988, a claim is commenced by the filing of a noticed of injury with the director of the OWC. LSA-R.S. 23:1310.3. Upon receipt of the petition, the director assigns the |3matter to one of the nine hearing officers What a proper petition needs to include is outlined in La.R.S. 23:1314(A) and if such a petition does not include one of the four presented scenarios, the petition must be held premature by the court (emphasis added). Section 1314 provides:
A. The presentation and filing of the petition under R.S. 23:1310.3 shall be premature unless it is alleged in the petition that:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under Chapter; or
(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or
(3) The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefor has been made under this Chapter; or
(4) The employer or insurer has not paid penalties or attorney’s fees to which the employee or his dependent is entitled.
La. R.S.23:1314(A) [emphasis added]
Appellant’s writ application questions the trial court’s use and application of this statute to the present proceeding based in light of the recent changes made to the Worker’s Compensation Hearing Rules by the state legislature. La. R.S. 23:1310.4 of the Act was amended to allow both an “employee” and an “employer” the right to initiate a claim with the office of Worker’s Compensation.
La.R.S. 23:1310.3 was also amended to provide,
“A claim for benefits, the controversion of entitlement to benefits, or other relief under the Worker’s Compensation Act..
(emphasis added)
As outlined above, La. R.S. 23:1310.4 of the Act clearly allows both employees and *204 employers to have a right in bringing a claim with the OWC, however, the state legislature has not updated the remaining worker’s compensation articles to reflect this dual ability to bring an action. A trial court’s duty is not to make law, but merely implement pre-existing law to the current proceeding. The trial court can only follow the procedural rules provided by the [4state legislature when approaching a worker’s compensation claim and their reliance on such law is not manifest error. As clearly outlined in the case Turner v. Maryland Casualty Co., 518 So.2d at 1014-1015, the proper procedure any “claimant” must follow is legislatively provided and attempts to allow for consistency when dealing with a worker’s compensation claim. Upon the filing of a petition with the office of worker’s compensation administration pursuant to R.S. 23:1810.3, a claim must set forth one of the necessary allegations provided in La. R.S. 23:1314(A) [provided above]. The trial court correctly interpreted this statute and denied appellant’s motion for attorney’s fees and penalties based on the failure of their petition to include one of the necessary allegations.
The appellant argues that the trial court committed reversible error upon holding them not entitled to attorney’s fees and penalties. Labor Ready Inc. claims that the court’s interpretation and application of La. R.S. 23:1314(A) to the present proceeding is inappropriate. A strict reading of the statute seems to only provide for the classic worker’s compensation claim of employee requesting benefits from their employer and not vice versa. The appellant’s argument raising doubt on the use of this statute by the trial court seems well founded, however, the trial court can not disregard implemented law. La. R.S. 23:1314 is the provided for procedure every court must follow when dealing with a worker’s compensation claim petition form. Until the legislature changes the remaining articles to reflect the ability of both “employee” and “employer” to bring a claim, this gap in the statute will remain, forcing a petition to the OWC to include at least one of a list of necessary allegation to avoid a finding of prematurity.
Appellant further argues that the trial court’s interpretation of La. R.S. 23:1314 will surely lead to absurd results when a court is forced to read this statute’s requirements strictly and mandate an “employer” claimant to include one |Rof the necessary allegations mentioned above to avoid a finding of prematurity.
However, the trial court upon reaching it’s conclusion noted,
“Further, defendant employer has the option under the La. Worker’s Compensation Act to deny a claim it thinks is not compensable. It’s sole remedy is not to file a 1008 claim to ferment additional litigation.”
With this noted option always available to an employer, the trial court’s reading of La. R.S. 23:1314 does not always lead to such an absurd result as the appellant claims.

Conclusion

Based on the foregoing reasons, this writ application is denied.
New Orleans, Louisiana this 6th day of September, 2000.
/s/ RJK
CHIEF JUDGE ROBERT J. KLEES
/s/ DRB
JUDGE DENNIS R. BAGNERIS, SR.
/s/ MEK
JUDGE MICHAEL E. KIRBY