|,MICHAEL E. KIRBY, Judge.
Plaintiff/Employer Jim Walter Homes appeals a judgment of the Workers’ Compensation Court maintaining defendant/claimant Joseph Long’s exception of prematurity, dismissing plaintiff/employer’s Form LDOL-WC-1008 and awarding attorney’s fees of $750.00 to defendant/claimant’s attorney for defense of a frivolous claim. Jim Walter Homes is Joseph Long’s former employer and is insured by Lumbermen’s Underwriting Alliance. Jim Walter Homes and Lumbermen’s Underwriting Alliance will hereinafter be collectively referred to as “employer” and the defendant will hereinafter be referred to as “claimant.” The claimant answered the appeal, asking for additional attorney’s fees for defending against the employer’s appeal, which he alleges is frivolous.
On August 27, 2001, the employer filed a disputed claim for compensation (Form 1008) against the claimant. Under the section entitled “The Bona-Fide Dispute,” the employer stated, “Employer seeks a declaratory judgment that the claimant is capable of performing employment such that he is no longer entitled to SEB benefits. Alternatively, if the employee is entitled to continued indemnity | ^benefits, employer seeks an offset for the claimant’s receipt of federal retirement benefits from Social Security. In the further alternative, if the employee is found to be permanently and totally disabled, employer seeks an offset for his receipt of federal disability benefits.”
The claimant filed an exception of prematurity, arguing that the employer’s claim for declaratory judgment is premature and does not allege a specific dispute as required under La. R.S. 23:1314. Claimant filed a memorandum in support of his exception, and the employer filed a memorandum in opposition to the exception.
The Workers’ Compensation Court rendered its ruling on February 14, 2002, maintaining the claimant’s exception of prematurity, dismissing the employer’s Form 1008 and awarding claimant’s attorney fees of $750.00 for defense of a frivolous claim. The employer appealed. The claimant answered the appeal, requesting an award for additional attorney’s fees for frivolous appeal.
On appeal, the employer argues that the Workers’ Compensation Court erred in dismissing its Form 1008 because La. R.S. 23:1314 does not apply to litigation initiated by an employer under La. R.S. 23:1310.3. The employer also argues that the court erred in sanctioning the employer for filing the 1008 form because the filing was proper, the claimant did not ask for sanctions and no hearing was conducted prior to the imposition of sanctions.
| ¡¡Initially, we note that reasons for judgment are not controlling and form no *879 part of trial court judgments from which appeals are taken. Kaufman v. Adrian’s Tree Service, Inc., 2000-2381 (La.App. 4 Cir. 10/31/01), 800 So.2d 1102.
The employer’s argument that the Workers’ Compensation Court erred in dismissing its Form 1008 because La. R.S. 23:1314 does not apply to employer-initiated litigation is without merit. This Court has already held that La. R.S. 23:1314 applies to LDOL-WC-1008 forms filed by employers. Michaels Store, Inc. v. Hart, 2001-0655 (La.App. 4 Cir. 3/20/02), 815 So.2d 201, citing and attaching as an appendix, Labor Ready Inc. v. Mark Lorick, 2000-1559 (La.App. 4 Cir. 9/6/00), writ denied, 2000-2801 (La.12/8/00), 776 So.2d 461. The Workers’ Compensation Court did not err in dismissing the employer’s Form 1008 as premature because it does not contain any of the four allegations required by La. R.S. 23:1314. Absent compliance with that statute, all of the employer’s claims in the Form 1008 were premature, including the claims that claimant is no longer entitled to SEB benefits and that the employer is entitled to offsets for federal retirement and disability benefits.
The employer in this case argues, as did the employer in the Michaels Store, Inc. case, that the only way an employer can make one of the allegations required by La. R.S. 23:1314 is if it fails to meet its obligations under the workers’ compensation laws. The employer suggests that requiring the provisions of La. R.S. 23:1314 to apply to an employer’s claim under La. R.S. 23:1310.3 leads to absurd consequences. While we recognize the anomaly created by the current Rversions of La. R.S. 23:1310.3 and 23:1314 as they apply to employers, we find that this is a matter for the Legislature to correct, and not the courts.
The employer also argues that the Workers’ Compensation Court erred in awarding sanctions to claimant’s counsel. The court ordered the employer to pay claimant’s counsel attorney’s fees in the amount of $750.00 for filing a frivolous claim. The employer argues that this award was unwarranted because its filing of the Form 1008 was proper, the claimant made no request for sanctions and the court awarded sanctions without first holding a hearing.
As stated above, we find no error in the Workers’ Compensation Court’s dismissal of the Form 1008 filed by the employer. Furthermore, even though the claimant made no request for sanctions, La. C.C.P. art. 863(D) allows a court to award sanctions on its own motion, and it obviously did so. However, La. C.C.P. art. 863(E) states that “[a] sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to issue of imposition of the sanction.” Because no hearing was held as required by this statute, we must vacate the award of sanctions and remand this matter to the Workers’ Compensation Court for a hearing on the issue of sanctions.
Regarding the claimant’s answer to the appeal, we find no merit in his argument that the employer’s appeal is frivolous.
For the reasons stated above, the portion of the judgment of the Workers’ Compensation Court maintaining the claimant’s exception of prematurity and |Kdismissing the employer’s Form 1008 is affirmed. The award of sanctions is vacated and this matter is remanded to the Workers’ Compensation Court for a hearing on the issue of sanctions.
AFFIRMED IN PART; VACATED AND REMANDED IN PART.