882 So.2d 30 (2004)
BANK ONE
v.
Carolyn JOHNSON.
No. 2004-CA-0508.
Court of Appeal of Louisiana, Fourth Circuit.
August 11, 2004.
Pierre M. Legrand, Shannon M. Bruno, Ungarino & Eckert, L.L.C., Metairie, LA, for Plaintiff/Appellant.
*31 Frank A. Bruno, New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
Appellant, Bank One, appeals a judgment of the Office of Workers' Compensation (OWC), maintaining an Exception of Prematurity in favor of appellee, Carolyn Johnson (Johnson). For the reasons assigned, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:
Johnson is currently receiving workers' compensation benefits resulting from an injury she sustained on September 22, 2000, while employed by Bank One. On September 23, 2003, Bank One filed a disputed claim for compensation (Form 1008) to controvert Johnson's entitlement to future benefits and obtain a declaratory judgment addressing its obligation to continue paying benefits. Bank One claims its action is based on physicians' opinions that Johnson is capable of returning to work.
In response to the Form 1008, Johnson filed an Exception of Prematurity. On December 8, 2003, Judge Gwendolyn Johnson granted the exception and dismissed Bank One's claim with prejudice. Bank One's appeal followed.

ARGUMENT:
Bank One argues that the OWC erred in granting the Exception of Prematurity. Specifically, Bank One maintains that the jurisprudence supports the conclusion that an employer may initiate a Form 1008. Bank One cites the case of Snelling Personnel Services v. Duhon, 00-0661 (La.App. 3 Cir. 11/2/00), 772 So.2d 350, wherein the employer was allowed to discontinue paying benefits after filing a Form 1008 to contest benefits. The court in Snelling recognized the employer's right to file the Form 1008, "to avoid the possibility of unilaterally, and possibly erroneously, terminating benefits and as a result being subject to penalties and attorney fees for arbitrary termination."
Bank One further asserts that the right of the employer to initiate a Form 1008 is found in Louisiana Workers' Compensation, 2nd Edition, by Denis Paul Juge. Section 4.4 of the treatise states:
Before the establishment of the hearing officer system, the case law recognized the right of the employer to file a declaratory judgment. There developed some question as to this right after the institution of the new administrative process. To clarify this confusion, the legislature amended the law in 1991, recognizing the "controversion of benefits" as a basis for initiating a claim.
While the employer may initiate a claim, it will not be required to assume the burden to prove non-entitlement to benefits.
Bank One submits that allowing an employer to file a Form 1008 in circumstances such as this, ultimately protects the employee from an improper termination of benefits. In particular, it is argued that if Bank One had terminated benefits instead of filing a Form 1008, the claimant would have then been without benefits pending resolution of the disputed claim. Additionally, Bank One points out that in terminating benefits to the claimant, they would be exposed to an assessment of penalties and attorney's fees.

DISCUSSION:
Workers' compensation law allows an employer or employee to file a claim with the Office of Workers' Compensation to resolve a dispute between the employer *32 and the claimant. See La. R.S. 23:1310(A). The statute provides that "[i]f ... a bona fide dispute occurs, the employee ... or the employer or insurer may file a claim ... on a form to be provided by the director." Id. La. R.S. 23:1310.3(A) further provides, in pertinent part, that "[a] claim for benefits, the controversion of entitlement to benefits, or other relief under the Workers' Compensation Act shall be initiated by the filing of the appropriate form with the office of workers' compensation administration."
While we recognize the employer's right to file a disputed claim pursuant to La. R.S. 23:1310, we also recognize that La. R.S. 23:1314 requires that an action filed under La. R.S. 23:1310.3 is premature unless the petition includes one of four factors. Jim Walter Homes v. Long, 02-0950 (La.App. 4 Cir. 12/18/02), 835 So.2d 877. La. R.S. 23:1314 provides:
A. The presentation and filing of the petition under R.S. 23:1310.3 shall be premature unless it is alleged in the petition that:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under Chapter; or
(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or
(3) The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefore has been made under this Chapter; or
(4) The employer or insurer has not paid penalties or attorney's fees to which the employee or his dependent is entitled.
In the factually similar case of Jim Walter Homes, the employer filed a disputed claim, seeking a declaratory judgment that the claimant was no longer entitled to workers' compensation benefits. The claimant filed an Exception of Prematurity based on La. R.S. 23:1314, and the court granted that exception. On review, this Court affirmed the decision of the lower court and made the following analysis:
The employer's argument that the Workers' Compensation Court erred in dismissing its Form 1008 because La. R.S. 23:1314 does not apply to employer-initiated litigation is without merit. This Court has already held that La. R.S. 23:1314 applies to LDOL-WC-1008 forms filed by employers. Michaels Store, Inc. v. Hart, XXXX-XXXX (La.App. 4 Cir. 3/20/02), 815 So.2d 201, citing and attaching as an appendix, Labor Ready Inc. v. Mark Lorick, XXXX-XXXX (La.App. 4 Cir. 9/6/00), writ denied, 2000-2801 (La.12/8/00), 776 So.2d 461. The Workers' Compensation Court did not err in dismissing the employer's Form 1008 as premature because it does not contain any of the four allegations required by La. R.S. 23:1314. Absent compliance with that statute, all of the employer's claims in the Form 1008 were premature, including the claims that claimant is no longer entitled to SEB benefits and that the employer is entitled to offsets for federal retirement and disability benefits.
The employer in this case argues, as did the employer in the Michaels Store, Inc. case, that the only way an employer can make one of the allegations required by La. R.S. 23:1314 is if it fails to meet its obligations under the workers' compensation laws. The employer suggests that requiring the provisions of La. R.S. 23:1314 to apply to an employer's claim under La. R.S. 23:1310.3 leads to absurd consequences. While we recognize the anomaly created by the current versions *33 of La. R.S. 23:1310.3 and 23:1314 as they apply to employers, we find that this is a matter for the Legislature to correct, and not the courts.
Bank One does not cite jurisprudence contrary to Jim Walter Homes. Rather, Bank One takes the position that this Court's analysis and conclusions are an erroneous interpretation of the Louisiana Workers' Compensation provisions. We disagree. We further find that the Snelling case, cited by Bank One, is not controlling here. In Snelling, the issue of prematurity was never raised, and the employer's disputed claim for compensation was, therefore, allowed to proceed to trial.
In light of our holding in Jim Walter Homes, we affirm the granting of the Exception of Prematurity in the present case.

CONCLUSION:
For the foregoing reasons, we affirm the judgment of the OWC.
AFFIRMED.
ARMSTRONG, C.J., CONCURS.
ARMSTRONG, C.J., concurs.
While I agree with the result reached by the majority, I write separately to note that Bank One makes a valid argument that employers should have the prerogative to file a LDOL-WC-1008 form in cases where an employee is receiving benefits to which he or she may not be entitled. However, as we noted in Michaels Store, Inc. v. Hart, XXXX-XXXX (La.App. 4 Cir. 3/20/02), 815 So.2d 201, that is something that must be dealt with by the legislature's amending the Workers' Compensation statute or by the Supreme Court's holding that La.R.S. 23:1314 does not apply to LDOL-WC-1008 forms filed by employers.