924 So.2d 295 (2006)
Brian CLEMENT
v.
John BLANCHARD and Louisiana Commerce & Trade Association.
No. 05-CA-531.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 2006.
Gregory S. Unger, Attorney at Law, Metairie, Louisiana, for plaintiff/appellee.
John J. Rabalais, Janice B. Unland, Robert T. Lorio, Deshea S. Richardson, Rabalais, Unland & Lorio, Covington, Louisiana, for defendants/appellants.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and SAM A. LeBLANC, III, Pro Tempore.
MARION F. EDWARDS, Judge.
In this workers' compensation action, appellants appeal from a judgment that both denied their Motion To Reduce Benefits *296 and/or Compel Medical Examination and awarded attorney's fees to appellee. For the reasons that follow, the judgment of the trial court is vacated.

FACTS AND PROCEDURAL HISTORY
After a work-related injury alleged to have occurred on April 30, 2001, appellee, Brian Clement ("Clement"), began to receive medical benefits and weekly workers' compensation from his employer, John Blanchard, and Blanchard's insurer, the Louisiana Commerce and Trade Association ("appellants"). Appellants, thereafter, sought unsuccessfully to persuade Clement to submit to a "pre-surgical psychological screening" prior to any surgery that Clement would undergo as part of his medical treatment. In light of Clement's refusal to voluntarily undergo the psychological screening, appellants filed a Form LDOL-WC-1008, Disputed Claim For Compensation, in conjunction with a Motion to Reduce Benefits and/or Compel Medical Examination. Clement, thereafter, filed an Exception of Prematurity to appellants' claim based upon LSA-R.S. 23:1314.
The hearing on appellants' motions took place on December 10, 2004. In a written judgment dated January 11, 2005, the trial court denied appellants' motions to Compel Medical Examination and to Reduce Benefits, and also awarded appellee $1,000 in attorney's fees.
Appellants timely filed the present appeal.

LAW AND ANALYSIS
The appellate court's standard of review in a workers' compensation case is governed by the manifest error or clearly wrong standard.[1] The reviewing court is compelled to review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous.[2]
At the outset, we address, sua sponte, the issue of whether appellants' Disputed Claim For Compensation was premature on its face and, therefore, should have been dismissed by the trial court.
The record before us indicates that, at the December 10, 2004 hearing, counsel for appellee argued in support of his previously filed Exception of Prematurity. No ruling on the exception appears, however, either in the transcript of the proceedings or in the court's written judgment of January 11, 2005.
LSA-R.S. 23:1314(C) provides: "The workers' compensation judge shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim." ([Emphasis added.])
Although it appears on the face of the record that the trial court failed to make a determination of prematurity prior to determination of all other issues, as mandated by LSA-R.S. 23:1314(C), the trial court's action in addressing the other issues of appellant's claim contains an implicit denial of appellee's Exception of Prematurity. We will, therefore, proceed with our analysis on that basis.
In relevant part, the remaining portions of LSA-R.S. 23:1314 detail the grounds that a petition filed under R.S. 23:1310.3 must meet in order to defeat an exception of prematurity:
A. The presentation and filing of the petition under R.S. 23:1310.3 shall be premature unless it is alleged in the petition that:

*297 (1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or
(3) The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefore has been made under this Chapter; or
(4) The employer or insurer has not paid penalties or attorney's fees to which the employee or his dependent is entitled.
In the present case, Clement argued at the hearing that his petition should be dismissed since his stated issue of dispute, that he "has failed to submit to the presurgical psychological evaluation," is not one of the four criteria enumerated in LSA-R.S. 23:1314. After a review of the record and jurisprudence, we agree.
In a closely related case, the Fourth Circuit in Michaels Store, Inc. v. Hart[3] addressed the very issue of whether an employer's action should be dismissed because the employer's form LDOL-WC-1008 did not contain any of the four allegations of LSA-R.S. 23:1314(1)-(4). Similarly, in that case, the employer alleged that it was paying compensation benefits but that, because the employee, Tara Hart, had refused to appear for an independent medical examination, she should be compelled to appear for a medical examination and her compensation benefits should be suspended and/or reduced. The Workers Compensation Judge dismissed the employer's action as premature. On appeal, citing its writ disposition of Labor Ready Inc. v. Mark Lorick,[4] the Fourth Circuit upheld the dismissal on the grounds of prematurity. In Lorick, the court reasoned:
As outlined above, La. R.S. 23:1310.4 of the Act clearly allows both employees and employers to have a right in bringing a claim with the OWC, however, the state legislature has not updated the remaining worker's compensation articles to reflect this dual ability to bring an action. A trial court's duty is not to make law, but merely implement preexisting law to the current proceeding. The trial court can only follow the procedural rules provided by the state legislature when approaching a worker's compensation claim and their reliance on such law is not manifest error. As clearly outlined in the case Turner v. Maryland Casualty Co., 518 So.2d [1011] at 1014-1015 [(La.1988)], the proper procedure any "claimant" must follow is legislatively provided and attempts to allow for consistency when dealing with a worker's compensation claim. Upon the filing of a petition with the office of worker's compensation administration pursuant to R.S. 23:1310.3, a claim must set forth one of the necessary allegations provided in La. R.S. 23:1314(A).
The Fourth Circuit acknowledged in Michaels Store, Inc. v. Hart, however, that:
The employer makes a good point that employers should be able to file a LDOL-WC-1008 form in cases where an employee who is receiving benefits *298 has allegedly failed to appear for a medical examination. However, that is something that must be dealt with by the legislature amending the Workers' Compensation statute or the Supreme Court holding that La. R.S. 23:1314 does not apply to LDOL-WC-1008 forms filed by employers.[5]
(Emphasis as found in the original).
While we find, as did the court in Homes v. Long,[6] that an anomaly is created by the current versions of LSA-R.S. 23:1310.3 and 23:1314 as they apply to employers, we are compelled to uphold the law as it is written. After a review of the record in this case, we find that appellants' petition failed to meet any of the criteria set forth in LSA-R.S. 23:1314 and, therefore, should have been dismissed as premature. Accordingly, the January 11, 2005 judgment of the trial court is vacated in all respects. Costs of this appeal are assessed to appellants.
JUDGMENT VACATED.
NOTES
[1] Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992).
[2] Id.
[3] XXXX-XXXX (La.App. 4 Cir. 3/20/02), 815 So.2d 201.
[4] No.2000-C-1559 (La.App. 4 Cir. 9/6/2000), writ denied, Labor Ready, Inc. v. Lorick, 2000-2801 (La.12/8/00), 776 So.2d 461.
[5] 815 So.2d at 202.
[6] XXXX-XXXX (La.App. 4 Cir. 12/18/02), 835 So.2d 877, 879.