WHIPPLE, J.
 

 ^Appellant, Louisiana Commerce & Trade Association-SIF (Louisiana Commerce), appeals a judgment of the Office of Workers’ Compensation (OWC), maintaining an exception of prematurity filed by appellee, Jose H. Cruz and dismissing without prejudice Louisiana Commerce’s claim for controversion of the employee’s entitlement to benefits. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On April 2, 2009, Mardi Gras Productions, Inc., Cruz’s employer at the time of the injury in question, and Louisiana Commerce, the workers’ compensation insurer of Mardi Gras Productions, filed a disputed claim for compensation, seeking a determination that Cruz was no longer entitled to SEBs or other workers’ compensation benefits, which they had been voluntarily paying him. In their claim, Mardi Gras Productions and Louisiana Commerce alleged that on May 8, 2007, Cruz, while discarding old carpet as an employee of Mardi Gras Productions, Inc., fractured his left hip when another employee pulled the piece of carpet upon which Cruz was standing, causing Cruz to fall approximately eight feet. Mardi Gras Productions and Louisiana Commerce further alleged that, at the time of the filing of their disputed claim, Cruz was being paid more than the maximum percentage of wages to which he was entitled in that he was capable of working at 90% or more of his pre-injury average weekly wage. They based this assertion on their allegation that Cruz had neither sought nor received medical treatment since early 2008.
 

 Cruz responded by filing exceptions of prematurity, no right of action, and no cause of action. Cruz also sought sanctions in the form of attorney’s fees. In support of his exceptions, Cruz argued that LSA-R.S. 23:1314 [¡^provides the exclusive list of grounds upon which a disputed claim can be filed and that the filing of a petition shall be premature unless one of those four enumerated grounds are alleged to support the claim. According to Cruz, Mardi Gras Productions and Louisiana Commerce had failed to plead any of these specifically enumerated allegations. Cruz further asserted that if Mardi Gras Productions and Louisiana Commerce believed that Cruz was not entitled to the compensation they were paying him, their remedy was to stop paying compensation at that rate and to file the requisite Form 1003, stating the reason for the change in compensation rate, rather than to “file a disputed claim” at a time when benefits were still being paid “for the [improper] purpose of attempting to force [Cruz] to prema
 
 *1043
 
 turely propound discovery and proceed with litigation.”
 
 [1]
 

 Cruz further argued that if an employer were allowed to proceed in this fashion, by filing a disputed claim when benefits were still being voluntarily paid, the employer would be able to force the employee to bear the cost of litigation while the employer seeks an advisory response from the OWC as to the disability status of an injured employee. Accordingly, Cruz averred that Mardi Gras Productions and Louisiana Commerce engaged in abuse of process by forcing Cruz into litigation of this claim prematurely and that sanctions should therefore be imposed pursuant to LSA-C.C.P. art. 868.
 

 Following a hearing on the exceptions and motion for sanctions, the |4OWC judge maintained Cruz’s exceptions of no right of action, no cause of action, and prematurity and dismissed the disputed claim of Mardi Gras Productions and Louisiana Commerce without prejudice. However, the judgment was silent as to (and thereby denied) Cruz’s request for sanctions in the form of attorney’s fees. From this judgment, Louisiana Commerce appeals, contending that the OWC judge erred as a matter of law in: (1) dismissing the disputed claim of Mardi Gras Productions and Louisiana Commerce, filed in accordance with LSA-R.S. 28:1310, 23:1310.3, and 23:1314, when the disputed claim alleged that the employee was “not being paid maximum percentage of wages to which employee is entitled,” but “rather he is being paid more”; and (2) finding that the disputed claim of Mardi Gras Productions and Louisiana Commerce, which alleged that the employee was being paid more than the maximum percentage of wages to which he was entitled, failed to state a bona fide dispute under LSA-R.S. 23:1310 and 23:1310.3. Cruz answered the appeal, contending that the OWC judge improperly ruled that he was not entitled to sanctions in the form of attorney’s fees for the unwarranted filing of the disputed claim and further seeking damages and attorney’s fees for frivolous appeal.
 

 DISCUSSION
 

 Exception of Prematurity
 

 In the instant case, the judgment on appeal maintained Cruz’s exceptions of no right of action, no cause of action, and prematurity. However, the statutes cited by Cruz in support of his exceptions actually address therein the prematurity of a workers’ compensation claim. Thus, we will first consider whether the OWC judge erred in dismissing without prejudice the claim of Mardi Gras Productions and Louisiana Commerce on the basis that the claim was premature.
 

 | ¡Workers’ compensation law sets forth that either the employee or the employer (or insurer) may file a claim with the OWC to resolve a dispute arising between the parties.
 
 See
 
 LSA-R.S. 23:1310(A). The statute provides that “[i]f ... a bona fide dispute occurs, the employee or his dependent or the employer or insurer may file a claim ... on a form to be provided by the director.” LSA-R.S. 23:1310(A) (emphasis added). Additionally, LSA-R.S. 23:1310.3(A) provides that “[a] claim for
 
 *1044
 
 benefits, the controversion of entitlement to benefits, or other relief under the Workers’ Compensation Act shall be initiated by the filing of the appropriate form with the office of workers’ compensation administration.” (Emphasis added).
 

 Nonetheless, LSA-R.S. 23:1314 sets forth pleading requirements for a petition filed pursuant to LSA-R.S. 23:1310.3 and provides therein that if the petition does not include one of the four presented scenarios (all of which relate to situations wherein the employer has failed to meet its obligations under the Workers’ Compensation Act), the petition shall be dismissed as premature. Specifically, LSA-R.S. 23:1314 provides as follows:
 

 A. The presentation and filing of the petition under R.S. 23:1310.3 shall be premature unless it is alleged in the petition that:
 

 (1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter; or
 

 (2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or
 

 (3) The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefor has been made under this Chapter; or
 

 (4) The employer or insurer has not paid penalties or attorney’s fees to which the employee or his dependent is entitled.
 

 B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and Rare shown at a time fixed by the workers’ compensation judge to be without reasonable cause or foundation in fact.
 

 C.The workers’ compensation judge shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.
 

 (Emphasis added).
 

 Thus, as noted by the Fourth Circuit, LSA-R.S. 23:1310(A) and 23:1310.3(A) clearly purport to allow both employees and employers (or insurers) to bring a claim before the OWC, but the pleading requirements of LSA-R.S. 23:1314 do not reflect this dual ability to bring an action.
 
 See Michaels Store, Inc. v. Hart,
 
 2001-0655 (La.App. 4th Cir.3/20/02), 815 So.2d 201, 203-204. Both the Fourth and Fifth Circuits have addressed “the anomaly” created by the current versions of LSA-R.S. 23:1310.3 and 23:1314 as they apply to employers and insurers and have concluded, reading the clear wording of the statute, that LSA-R.S. 23:1314 applies equally to employer-initiated LDOL-WC-1008 forms.
 
 Clement v. Blanchard,
 
 2005-531 (La.App. 5th Cir.2/14/06), 924 So.2d 295, 297-298;
 
 Bank One v. Johnson,
 
 2004-0508 (La.App. 4th Cir.8/11/04), 882 So.2d 30, 32-33. As noted by those courts, a trial court’s duty is not to make law, but merely to implement pre-existing law in the current proceeding.
 
 Clement,
 
 924 So.2d at 297;
 
 Michaels Store, Inc.,
 
 815 So.2d at 204.
 

 We agree -with the Fourth and Fifth Circuits that any inconsistency in these workers’ compensation statutes as applied to employers is a matter for the legislature, not the courts, to correct. An attempt by this court to reconcile the statutes at issue would require either the deletion or the addition of substantive language to one of the statutes. Clearly, this is the job of the legislature, not the courts. Accordingly, under the clear
 
 *1045
 
 wording of LSA-R.S. 23:1314, Mardi Gras Productions and Louisiana Commerce, in |7order to survive an exception of prematurity, had to plead one of the four scenarios listed therein.
 

 Indeed, as noted by counsel for Louisiana Commerce at oral argument, Louisiana Commerce does not argue herein that the pleading requirements of LSA-R.S. 23:1314 do not apply to it as an insurer. Rather, it asserts that even applying the mandatory pleading provisions of LSA-R.S. 23:1314, the claim filed herein by Mardi Productions and Louisiana Commerce met those pleading requirements. Specifically, Louisiana Commerce notes that the LDOL-WC-1008 form
 
 [2]
 
 filed by Louisiana Commerce and the employer contained the following allegation: “Employer and carrier allege employee is not being paid maximum percentage of wages to which employee is entitled; rather he is being paid more.” Louisiana Commerce asserts that the allegation that Cruz was being paid more than that to which he was entitled equates to or encompasses the allegation that Cruz was not being paid maximum percentage of wages to which he is entitled. Thus, Louisiana Commerce contends that it pleaded the specific scenario set forth in LSA-R.S. 23:1314(A)(1) and, accordingly, that the OWC judge erred in dismissing the claim as premature.
 
 [3]
 
 Louisiana Commerce further argues that allowing it to proceed with its claim while it continues to pay benefits to Cruz fosters the policies of the workers’ compensation statutory scheme by encouraging voluntary payments to a ^claimant.
 

 While we recognize Louisiana Commerce’s attempt to artfully argue its claim to fit within the confines of the pleading requirements of LSA-R.S. 23:1314(A), we cannot agree that an allegation that a claimant is being paid more than the maximum weekly benefits to which he is entitled encompasses the allegation that he is not being paid the maximum amount to which he is entitled. Rather, if a claimant is being paid more than the maximum to which he is entitled, he also is necessarily being paid the “maximum percentage of wages to which [he] is entitled.” Thus, we find no merit to the argument that the claim filed by Louisiana Commerce and Mardi Gras Productions met the pleading requirements of LSA-R.S. 23:1314. Accordingly, applying LSA-R.S. 23:1314 to the disputed claim filed by Louisiana Commerce and Mardi Gras Productions, we must conclude that the OWC judge’s dismissal of the claim without prejudice on the basis of prematurity was correct.
 
 [4]
 

 
 *1046
 

 Exceptions of No Right of Action and No Cause of Action
 

 In dismissing the claim filed by Louisiana Commerce and Mardi Gras Productions, the OWC judge also maintained Cruz’s exceptions of no right of action and no cause of action. As stated above, these exceptions were based upon the same argument concerning the applicability of LSA-R.S. 23:1314(A) to employer- and insurer-initiated claims. Because we have determined that the OWC judge did not err in dismissing without prejudice the petition of Louisiana Commerce and Mardi Gras Productions on the Rbasis of Cruz’s exception of prematurity, we pretermit discussion of the remaining exceptions as moot.
 

 Sanctions
 

 In his answer to appeal, Cruz contends that the OWC judge erred in failing to award sanctions in the form of attorney’s fees pursuant to LSA-C.C.P. art. 863.
 
 [5]
 
 He further requests that this court award him sanctions against Louisiana Commerce for frivolous appeal. However, given the apparent inconsistency or lack of clarity in the above-cited workers’ compensation statutes, we decline to award the relief sought by Cruz in his answer to appeal.
 

 CONCLUSION
 

 For the above and foregoing reasons, the August 4, 2009 judgment of the OWC, dismissing without prejudice the claim filed by the employer and its insurer, is affirmed. Costs of this appeal are assessed against Louisiana Commerce & Trade Association-SIF.
 

 AFFIRMED.
 

 [1]
 

 . A Form LWC-WC-1003 is a stop-payment form by which the employer or insurer formally advise the OWC and the employee that the employer or insurer is terminating benefits and the reason therefor.
 
 See
 
 LSA-R.S. 23:1201(H) and
 
 Glover v. General Motors,
 
 38,-805 (La.App. 2nd Cir.8/18/04), 880 So.2d 172, 173-174. Additionally, a Form LWC-WC-1002 is to be utilized by the employer or insurer to notify the OWC and the employee of any modification in the payment of benefits, such as a reduction in payments or a change to SEBs.
 
 See
 
 LSA-R.S. 23:1201(H) and
 
 Comeaux v. City of Ville Platte,
 
 617 So.2d 1313, 1317 (La.App. 3rd Cir.1993).
 

 [2]
 

 . The LDOL-WC-1008 form is a "Disputed Claim for Compensation” form.
 

 [3]
 

 . As further support for its contention that the OWC judge erred in dismissing its claim, Louisiana Commerce cites the First Circuit opinion of
 
 Our Lady of Lake Regional Medical Center v. Matthews,
 
 2006-1584 (La.App. 1st Cir.9/26/07), 971 So.2d 354, 356, wherein an employer, while continuing to pay benefits, brought an action seeking a determination that the employee was no longer disabled. However, the issue of prematurity (and the applicability of LSA-R.S. 23:1314(A) to employer- and insurer-initiated claims) was not before the court in that case. If the objection of prematurity is not raised by the timely filing of a dilatory exception, the exception is waived.
 
 Wilson v. St. Mary Community Action,
 
 2000-2106 (La.App. 1st Cir.12/28/01), 803 So.2d 1106, 1111-1112. Thus, Matthews is inapposite to the prematurity issue raised herein.
 

 [4]
 

 . In so concluding, we note, as did the OWC judge, that our holding herein does not leave an employer or insurer without a remedy where it has determined that the employee is being overpaid benefits. Rather, the employer or insurer has non-judicial remedies, as outlined in footnote one
 
 supra,
 
 of reducing or terminating the payment of benefits where the employer or insurer has actually determined that a modification is warranted, unlike the circumstances presented herein.
 

 [5]
 

 . This court has applied the provisions of LSA-C.C.P. art. 863 to workers’ compensation claims.
 
 See Bracken v. Payne and Keller Company, Inc.,
 
 2006-0865 (La.App. 1st Cir.9/5/07), 970 So.2d 582, 590-591.