# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 11-529

**FRU-CON CONSTRUCTION CORPORATION**

**VERSUS**

**XCHANGING AND OSCAR  A. KIERUM, II**

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
## LASALLE PARISH, NO. 10-10742
## JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

### SYLVIA R. COOKS
### JUDGE

**Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.**

**AFFIRMED.**

Bolen, Parker, Brenner & Lee, Ltd.
Madeline  J. Lee
Christina S. Slay
P.O. Box 11590
Alexandria, La  71315-1590
(318) 445-8236
Counsel for Plaintiff/Appellant; Fru-Con Construction Corporation

Broussard, Halcomb & Vizzier
Daniel E. Broussard, Jr.
P.O. Box 1311
Alexandria, LA  71309-1311
(318) 487-4589
Counsel for Defendant/Appellee; Oscar A. Kierum, II

COOKS, Judge.

## FACTS AND PROCEDURAL HISTORY

Oscar A. Kierum, II (Claimant) was injured while employed by Fru-Con Construction Corporation (Fru-Con) as a pipe fitter. Claimant was injured in 2004 and was treated by Dr. Michel Heard (Dr. Heard), an orthopedic surgeon; Dr. Douglas Gamburg, an orthopedic surgeon; Dr. Rick Ahmad, an orthopedic surgeon; Dr. John McCabe, a plastic reconstructive surgeon; and Dr. Peter Vizzi, (Dr. Vizzi) an orthopedic surgeon. Dr. Vizzi performed surgery on Claimant's shoulder in 2006, and Dr. Heard performed surgery on Claimant's wrist in 2008. Claimant alleges he is presently disabled and cannot return to work as a pipe fitter because of the injuries he suffered while employed with Fru-Con. He is receiving Social Security disability benefits.

On August 19, 2010, Dr. Robert Holliday (Dr. Holliday) performed an IME and rendered his opinion that Claimant is receiving excessive, unnecessary medical treatment, including excessive medication, and is visiting his doctor's office too frequently each month. Additionally, Dr. Holliday opines that Claimant is physically capable of performing medium work activities. Dr. Holliday informed Dr. Heard by letter of his findings and requested that he implement Dr. Holliday's recommendations for Claimant's medical treatment. His recommendations included that Claimant's office visits to his treating physician be decreased to "no more than once every 3-4 months" and that the only medication that should now be given to Claimant for his work-related injury is an anti-inflammatory. Dr. Holliday informed Dr. Heard that all other prescription medications being taken by Claimant are either not related to his work-related injury at Fru-Con or are no longer necessary or reasonable. Dr. Heard did not respond to Dr. Holliday's request regarding his patient.

Because Dr. Heard did not respond to nor comply with Dr. Holliday's

recommendations, Fru-Con filed a Petition for Declaratory Judgment essentially asking the Office of Workers' Compensation to render an advisory opinion determining the proper course of treatment for Claimant and additionally seeking a determination that Claimant is no longer entitled to supplemental earnings benefits. Claimant filed an Exception of Prematurity, an Exception of No Cause of Action, as well as a Motion for Sanctions and Attorney Fees alleging that Fru-Con's petition failed to allege any of the exclusive grounds provided in La.R.S. 23:1314 and, under its express provisions, must be dismissed as premature. The Workers' Compensation Judge (WCJ) sustained Claimant's Exception of Prematurity, dismissing Fru-Con's Petition for Declaratory Judgment. He further dismissed Claimant's Exception of No Cause of Action as moot and denied Claimant's Motion for Sanctions and Attorney Fees.

Fru-Con appeals alleging the WCJ erred in dismissing its Petition for Declaratory Judgment and in granting Claimant's Exception of Prematurity. Claimant did not appeal the denial of its Motion for Sanctions and Attorney Fees. For the reasons stated below, we affirm.

## DISCUSSION

Fru-Con asserts that this court should not follow the decisions of our three sister circuit courts of appeal which have held that the provisions of La.R.S. 23:1314 apply to both employers and employees. *See La. Commerce & Trade Ass'n v. Cruz*, 09-2014 (La.App. 1 Cir. 5/7/10), 38 So.3d 1041; *Michaels Store, Inc. v. Hart*, 01-655 (La.App. 4 Cir. 3/20/02), 815 So.2d 201 citing and attaching as an appendix, *Labor Ready, Inc. v. Lorick*, 00-1559 (La.App. 4 Cir. 9/6/00) *unpublished opinion*, *writ denied*, 00-2801 (La. 12/8/00), 776 So.2d 461; *Bank One v. Johnson*, 04-508 (La.App. 4 Cir. 8/11/04), 882 So.2d 30; *Jim Walter Homes v. Long*, 02-950 (La.App. 4 Cir. 12/18/02), 835 So.2d 877; and *Clement v. Blanchard,* 05-531 (La.App. 5 Cir. 2/14/06), 924 So.2d 295. Under these decisions

2

Fru-Con concedes the correctness of the WCJ's ruling herein. Fru-Con, however, urges this court to render a decision at odds with these decisions and thereby give cause for the Louisiana Supreme Court to make a ruling on the matter.

We first note, that the Louisiana Supreme Court refused to take up this issue in a case before the Louisiana Fourth Circuit Court of Appeal. In *Labor Ready, Inc.*, the fourth circuit held that the provisions of La.R.S. 23:1314 apply equally to both employer and employee governing "the procedure every court must follow when dealing with a worker's compensation claim petition form." *Michaels Store, Inc.*, at 204. In *Labor Ready, Inc.* and in *Michaels Store, Inc.*, the fourth circuit upheld the WCJ's dismissal of an employer's petition as it failed to allege any of the bases enumerated in La.R.S. 23:1314 and, therefore, under the express provisions of the statute, found its petition was premature. In rejecting the employer's argument that the court's interpretation of the statute "will surely lead to absurd results when a court is forced to read this statute's requirements strictly and mandate an 'employer' claimant to include one of the necessary allegations mentioned above to avoid a finding of prematurity[,]" the fourth circuit in *Labor Ready, Inc.*, agreed with the trial court's observation that the "employer has the option under the La. Worker's Compensation Act to deny a claim it thinks is not compensable." *Michaels Store, Inc.*, 815 So.2d at 204, 205. Thus, the fourth circuit reasoned, "[w]ith this noted option always available to an employer, the trial court's reading of La.R.S. 23:1314 does not always lead to such an absurd result as the appellant claims." *Id.*

In the case before us, we note with interest the WCJ's observation made during the hearing on the matter before him which illuminates the rationale for his decision. The WCJ observed that the Petition for Declaratory Judgment filed by Fru-Con sought to place competing medical advice regarding the care and treatment of Claimant before him and have him decide whether the advice of the

3

IME doctor should be imposed upon Claimant or whether Claimant should be allowed to follow his treating physician's advice. The WCJ correctly observed that our workers' compensation law entitles every claimant to be treated by a physician of his choice. *See* La.R.S. 23:1121(B) and *Smith v. S. Holding, Inc.*, 02-1071 (La. 1/28/03), 839 So.2d 5. As he further correctly observed, if and when an employer is convinced that the IME doctor's findings and recommendations are correct, it has the right to terminate the employee's benefits at its peril. But the employer in this case, and in those decided by our sister circuits, seeks another remedy which does not put them at risk for penalties and attorney fees for wrongfully denying/terminating benefits. The employer argues that it should be allowed to bring its Petition for Declaratory Judgment without meeting the requirements of La.R.S. 23:1314. Fru-Con admits that none of the mandatory enumerated allegations of the statute form the basis of its petition, and, under the express provisions, its petition must be dismissed for prematurity if the statute applies to employers. Fru-Con asserts the statute was not intended to apply to employers, and it is "absurd" to apply its requirements to an employer seeking a declaratory ruling from a WCJ forcing the WCJ to decide whether an IME doctor's findings/recommendations as to treatment should be implemented instead of the Claimant's treating physician's manner of treatment and whether the IME doctor's findings of disability should prevail. These arguments have failed to convince our sister circuits to make such an interpretation of the provisions of our workers' compensation statutory scheme and likewise fail to convince this court. The Louisiana Supreme Court refused to accept writs to address the findings of our sister circuits on this issue when it had an opportunity to do so. Such refusal is at least indicative of the correctness of the fourth circuit's ruling.

Fru-Con attempts to raise the issue of the constitutionality of La.R.S. 23:1314 as applied to employers for the first time in its reply brief. We cannot

4

address the issue of this statute's constitutionality in this case as it was not mentioned, briefed, nor argued in any filings in the court below. Louisiana Revised Statutes 23:1310.3(G) expressly provides:

(1)   Any person challenging the constitutionality of any provision of this Chapter shall specially plead such an allegation in the original petition, an exception, written motion, or answer, which shall state with particularity the grounds for such an allegation.

(2)   Within thirty days of the filing of any pleading raising the issue of unconstitutionality, the party making such an allegation must file a petition in a state district court of proper jurisdiction for purposes of adjudicating the claim of unconstitutionality. Such filing shall be given priority in hearing such claim not more than ten days from being presented to the district court.

(3)   Failure to follow the procedures set forth in this Section shall bar any claim as to the unconstitutionality of any provision of this Chapter on appeal.

When we are presented with a question of law concerning a WCJ's ruling we review the WCJ's finding to determine if it is legally correct. *Scobee v. Brame*, 98-564 (La.App. 3 Cir. 10/28/98), 721 So.2d 977, *writ denied*, 98-2952 (La. 1/29/99), 736 So.2d 833. We now turn to the applicable statutory provisions regarding the filing of claims by either the employer or employee. Louisiana Revised Statutes 23:1310(A) provides:

If at any time after notification to the office of the occurrence of death or injury resulting in excess of seven days lost time, a bona fide dispute occurs, the employee or his dependent of the employer or insurer may file a claim with the state office, or the district office where the hearing will be held, on a form to be provided by the director.

Louisiana Revised Statutes 23:1310.3(A) provides in pertinent part: "A claim for benefits, the controversion of entitlement to benefits, or other relief under the Workers' Compensation Act shall be initiated by the filing of the appropriate form with the office of workers' compensation administration." The parties herein agree that the appropriate form for filing this employer's Petition for Declaratory Judgment is a Form 1008 which was filed by Fru-Con. Louisiana Revised Statutes

5

23:1314 provides (emphasis added):

> A.   The presentation and filing of the petition under R.S. 23:1310.3 **shall be premature unless it is alleged in the petition that:**
>
>> (1)   The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter; or
>>
>> (2)   The employee has not been furnished the proper medical attention, of the employer or insurer has not paid for medical attention furnished; or
>>
>> (3)   The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefor has been made under this Chapter; or
>>
>> (4)   The employer or insurer has not paid penalties or attorney's fees to which the employee or his dependent is entitled.
>
> B.   The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the workers' compensation judge to be without reasonable cause or foundation in fact.
>
> C.   **The workers' compensation judge shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.**

The first, fourth, and fifth circuits have held that the provisions of La.R.S. 23:1314 apply to 1008 forms which are filed by employers as well as to such forms filed by employees. These courts have duly recognized the anomaly created by the provisions of La.R.S. 23:1310.3 and La.R.S. 23:1314 as applied to employers, but have rightly concluded that the resolution of this statutory problem is the province of the Louisiana legislature, not the courts. As Judge Armstrong wrote in her concurrence in *Bank One v. Johnson,* 882 So.2d at 33:

> Bank One makes a valid argument that employers should have the prerogative to file a LDOL-WC-1008 form in cases where an employee is receiving benefits to which he or she may not be entitled. However, as we noted in *Michaels Store, Inc. v. Hart*, 2001-0655 (La. App. 4 Cir. 3/20/02), 815 So.2d 201, that is something that must be

dealt with by the legislature's amending the Workers' Compensation statute or by the Supreme Court's holding that La.R.S. 23:1314 does not apply to LDOL-WC-1008 forms filed by employers.

We note that the earliest case deciding this issue was in 2002 and not since that time has the legislature deemed it necessary to correct what has been described by the courts and employers as the "anomaly" presented by the workers' compensation statutes concerning the applicability of the provisions of La.R.S.23: 1314 to employers. Further, the Louisiana Supreme Court has at least on one occasion, when presented with the opportunity to disagree with the courts of appeal on this issue, refused writs. Perhaps it too recognizes that while employers may present a valid argument it is the exclusive province of the legislature to write the laws. This court, as all others, is constrained to apply the laws as written and cannot substitute or delete words in statutes which we would have to do in order to rule as Fru-Con asks us to do. *See La. Commerce & Trade Ass'n. v. Cruz*, 38 So.3d at 1044.

We further note that Fru-Con's reliance on our decision in *Snelling Personnel Services v. Duhon,* 00-661 (La.App. 3 Cir. 11/2/00), 772 So.2d 350, is misplaced, and our decision in that case is not dispositive of the issue raised herein. We addressed an entirely different issue in *Snelling*, and the dicta recited by Fru-Con in brief does not support its position. In fact, as we read our language in *Snelling*, we find that language supports our decision herein. In *Snelling Personnel Services*, 772 So.2d at 353, we said:

> Workers' Compensation law allows an employer or employee to file a claim with the Office of Workers' Compensation to resolve a dispute between the employer and the claimant. *See* La.R.S. 23:1310(A). The statute provides that "[i]f … a bona fide dispute occurs, the employee … or the employer or insurer may file a claim … on a form to be provided by the director." *Id*. It was not legally necessary that Snelling file this form; the employer may terminate voluntary payments at will and with impunity, provided the termination is not arbitrary and capricious.

This language supports our position herein that La.R.S. 23:1310 is applicable

7

to both employers and employees thus rendering the provisions of La.R.S. 23:1314, as currently written, also applicable to both. Further, as the WCJ pointed out in the hearing no "dispute" is presented in the Petition for Declaratory Judgment. The petition, rather than presenting a "bona fide dispute," seeks to have the WCJ choose the course of treatment and frequency of visits Claimant must make to his treating physician and seeks to have the WCJ make medical decisions for Claimant rather than allowing his treating physician, whom he has an absolute right to choose, to do so. The WCJ did not manifestly err in refusing to make such choices. As we said in *Snelling*, this employer, if convinced of the findings and recommendations of the IME, may choose to act accordingly and "terminate voluntary payments at will and with impunity, provided the termination is not arbitrary and capricious." *Snelling Personnel* Services, 772 So.2d at 353. Under the present statutory provisions, the employer cannot bring an action which does not comply with the provisions of La.R.S. 23:1314 for, in such instance, the WCJ is duty bound to dismiss the action as premature and is prohibited from addressing any other issue in the proceeding. Therefore, under the present statutory provisions, the WCJ acted properly, and we must affirm. Resolution of this statutory conundrum is within the province of the legislature. All costs of this appeal are assessed against Fru-Con.

**AFFIRMED**.