JiCOOKS, Judge.
David Duhon appeals the judgment of the Office of Workers’ Compensation. For the following reasons, we affirm.
FACTS
Duhon alleges on February 17, 1995, he was injured during the course and scope of his employment with Snelling. Snelling’s workers’ compensation insurer is Credit General Insurance Company. As a result, Snell-ing and Credit General paid indemnity benefits to Duhon at a rate of $303.75 per week. Aside from the recommended treatment at issue, Snelling authorized all requested and necessary medical treatment to Duhon.
Duhon complained he suffered from pain in his neck, right shoulder and right arm. In an effort to alleviate the pain, Duhon’s treating physician, Dr. John Cobb, [¿recommended he undergo a cervical diseogram, and then a cervical diskectomy and fusion at C5-6 and possibly C6-7. Thereafter, at Snelling’s request, Duhon underwent an independent medical examination (IME) by Dr, James C. *924 McDaniel, an orthopaedic surgeon. In Dr. McDaniel’s opinion neither the diseogram nor the diskectomy and fusion were medically necessary. Moreover, Dr. McDaniel faded to relate Duhon’s ulnar nerve irritation to the work accident.
Because Dr. Cobb’s and Dr. McDaniel’s opinions conflicted, Snelling submitted Du-hon’s medical records to American International Health & Rehabilitation Services, Inc., a private utilization review company. Performing the utilization review, Dr. Frank K. Kriz (an orthopaedic surgeon located in Tampa, Florida) examined Duhon’s medical records and concluded no documentation or-objective findings indicated any need for Duhon to undergo an anterior cervical disc fusion surgery. Further, in Kriz’s opinion, Duhon could return to full employment; and like Dr. McDaniel he did not relate Duhon’s ulnar nerve condition to the February 17, 1995 work accident.
Snelling then requested an IME through the Office of Workers’ Compensation (OWC). The OWC appointed Dr. Dale Bernauer, an orthopaedic surgeon, to perform an IME. Dr. Bernauer reported:
At this time this patient looks to have an ulnar nerve compression syndrome at his right elbow. I think this is what is causing the numbness in his hand. The neck pain is caused by some arthritic changes. His examination is somewhat inconsistent because people with pain on the right side of the neck should hurt when the head is turned to the left not to the right. I would not suggest doing an anterior cervical dis-kectomy and fusion for a degenerative neck disk. I do not think this will help this patient. I do think he probably needs an ulnar nerve transposition done. Whether this is related to his accident, I cannot say. It does not seem to be.
Nevertheless, Duhon filed a Petition for Workers’ Compensation Benefits, ^Penalties and Attorney’s Fees on October 30, 1995. On October 2, 1996, Hearing Officer Charlotte Bushnell conducted a trial on the merits. After trial, she denied Duhon’s claims for the recommended medical treatment by Dr. Cobb, finding it was not medically necessary as required under the Workers’ Compensation Act. Further, she found Duhon’s ulnar nerve problem was unrelated to the work accident; the evidence was insufficient to prove that all requested medical records in Snelling Personnel Services’ possession were not provided to Duhon; Snelling did not violate La.R.S. 23:1127 by providing medical information to the utilization review company; and, Snelling was not arbitrary and capricious in handling Duhon’s claim.
Duhon appeals the hearing officer’s judgment asserting the following assignments of error:
1. The hearing officer erred in failing to award weekly compensation benefits to David Duhon in the amount of $303.75 per week.
2. The hearing officer erred in failing to find that defendants violated La.R.S. 23:1127 by providing medical records to Dr. Kriz.
3. The hearing officer erred in failing to provide sanctions for defendants’ violation of La.R.S. 23:1317.1.
4. It was error for the hearing officer to rely upon the medical testimony of Dr. Dale Bernauer.
5. The hearing officer erred in holding that the ulnar nerve problem of David Duhon is not related to the work accident and denying the diseogram and surgery recommended by Dr. Cobb.
LAW & DISCUSSION
It is well settled in workers’ compensation cases appellate'courts should apply the “manifest error — clearly wrong” standard of review. To determine whether manifest error occurred, the record must be reviewed in its entirety. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94); 630 So.2d 706; LeCroy v. Brand Scaffold Bldg., Inc., 95-1522 (La.App. 1 Cir. 2/23/96); 672 So.2d 181, writ denied, 96-1442 (La. 9/27/96); 679 So.2d 1352. The factual findings of the hearing officer may not be set aside without first determining that those factual findings are manifestly erroneous or clearly wrong. Key v. Insurance Co. of North America, 605 So.2d 675 (La.App. 2 Cir.1992). Great weight is given the hearing officer’s factual *925 conclusions, reasonable evaluations of credibility and reasonable inferences of fact. Dixon v. Louisiana Restaurant Ass’n, 561 So.2d 135 (La.App. 3 Cir.1990).
ASSIGNMENT OF ERROR NO. 1
By this assignment, Duhon contends because Snelling continuously paid indemnity benefits in the amount of $303.75 per week before and after trial, the hearing officer erroneously failed to enter judgment against Snelling awarding him $303.75 per week in indemnity benefits. In support of this contention, Duhon notes Dr. Cobb has not released him to return to any work activities. He further points out the record is devoid of testimony from any physician releasing him to work as a roughneck in the oil field. In conclusion, he posits the “hearing officer merely overlooked this when entering her judgment....” However, Snelling argues the hearing officer correctly omitted an award of indemnity benefits because it was voluntarily paying these benefits to Duhon and it did not admit to any liability for said benefits. Snelling supports its argument by citing La.R.S. 23:1204 which states:
Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter.
Snelling asserts there was no dispute between the parties in reference to payment of indemnification benefits; hence, a finding by the hearing officer that it is liable for benefit payments is premature at this stage and contrary to La.R.S. 23:1204. We Magree. The hearing officer did not err in failing to reach this issue or to award indemnity benefits in the judgment.
ASSIGNMENT OF ERROR NO. 2
Duhon alleges the hearing officer erred in failing to find Snelling and Credit General violated La.R.S. 23:1127 by providing his medical records to Dr.'Km without his authority. We disagree. La.R.S. 23:1127(A) states in pertinent part:
In any claim for compensation, a health care provider who has at any time treated the employee shall release any requested medical information and records relative to ■the employee’s injury, to the employee, employer, or its worker’s compensation insurer or the agent or representative of the employee, employer, or its worker’s compensation insurer. Any information relative to any other treatment or condition shall be available to the employer or his worker’s compensation insurer by subpoena or through a written release by the claimant.
The insurance adjuster testified Duhon’s medical records were forwarded to American International Health and Rehabilitation Services so that a medical utilization review opinion could be provided to clarify the conflict between Dr. Cobb’s and Dr. McDaniel’s opinions. In Breaux v. Hoffpauir, 95-393 (La.App. 3 Cir. 11/8/95); 664 So.2d 726, reversed on other grounds, 95-2933 (La. 5/21/96); 674 So.2d 234, this court found because the director of the OWC can authorize a utilization review process pursuant to La. R.S. 23:1291 to determine “the necessity, advisability, and cost of proposed ... medical or surgical treatment,” that mandate must include the receipt and review of medical information by medical personnel. We further found a review panel could not perform its job if it could not obtain medical information. Hence, in Breaux, we upheld the hearing officer’s finding that an insurer did not violate La.R.S. 23:1127 by providing medical information to the utilization review company. Accordingly, we find the hearing officer did not err in | ffhis instance as well.
In brief, Duhon further argues “Defendants provided medical records to a second orthopedic surgeon, in violation of [La. R.S. 23:1121], who resides outside of Louisiana which violates [La.R.S. 23:1203].” Neither La.R.S. 23:1121 nor 1203 prohibit the providing of medical records to a physician located outside of the state of Louisiana for a medical opinion. La.R.S. 23:1121 merely provides the employer or workers’ compensation carrier shall not require the employee to be examined by more than one duly qualified medical practitioner in any one field or specialty. The statute does not state the employer or its insurer cannot have the medical records of the employee reviewed by more *926 than one qualified physician. Likewise, La. R.S. 23:1203 simply requires that all care, services and treatment of the employee shall be performed at facilities within the state when available. This statute does not prohibit medical records reviews by physicians outside the state of Louisiana. Accordingly, Duhon’s arguments lack merit.
ASSIGNMENT OP ERROR NO. 3
By this assignment, Duhon contends the hearing officer erred in failing to provide sanctions for Snelling and Credit General’s violation of La.R.S. 23:1317.1. As provided by La.R.S. 23:1317.1(E)(2), direct contact with the IME physician is prohibited. The provision reads:
(2) Except to schedule the deposition or further discovery as described above, the office of the independent medical examiner shall not be contacted regarding the claimant by any party, attorney, or agent.
The claims adjuster, in this case, corresponded with Dr. Bernauer on more than one occasion. However, the hearing officer concluded the improper contacts occurred after Dr. Bernauer formulated his medical opinion. Our review of the record convinces us the hearing officer was correct in this regard. Therefore, we do not find hit appropriate to exclude Dr. Bernauer’s report as plaintiff suggests.
We caution, however, had the improper contact occurred before Dr. Bernauer formulated his conclusions, sanctions would have been appropriate. Improper contact with an independent medical examiner is expressly prohibited by statute, and we will not hesitate to exclude such reports when circumstances indicate even the slightest possibility that the physician’s opinion or neutrality may have been compromised.
ASSIGNMENT OF ERROR NO. 4
Duhon alleges the hearing officer erroneously relied upon the medical testimony of Dr. Bernauer. It is well settled the opinion of a court appointed expert is entitled to significant weight since the expert is a disinterested party and should therefore have entirely objective conclusions. Fritz v. Home Furniture-Lafayette, 95-1705 (La. App. 3 Cir. 7/24/96); 677 So.2d 1132; Vidrine v. Magnolia Liquor Co., Inc., 533 So.2d 1329 (La.App. 3 Cir.1988). Moreover, this court has held the hearing officer is in a better position to judge the credibility of the witnesses and her factual conclusions are entitled to great weight. Mullins v. Courtney Equipment, 95-989 (La.App. 3 Cir. 1/31/96): 670 So.2d 329. Hence, the hearing officer’s reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where there is conflict in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989). We cannot say the hearing officer erred in relying on Dr. Bernauer’s testimony.
Duhon further alleges because Snelling and Credit General provided Dr. Bernauer with medical records from Dr. Kriz, which were obtained in violation of La.R.S. 23:1127, 1121 and 1203, and because Dr. Bernauer was contacted in violation of La.R.S. 23:1317.1(E)(2), the hearing officer should have reviewed Dr. | gBernauer’s opinion with great scrutiny. Because we have found defendants did not violate La.R.S. 23:1127, 1121, 1203 and 1317.1(E)(2), this issue is rendered moot.
ASSIGNMENT OF ERROR NO. 5
By this assignment, Duhon argues the hearing officer erred in finding his ulnar nerve problem was unrelated to the work accident; and, as a result, her error was compounded when she denied his claim for medical expenses associated with the disco-gram and surgery recommended by Dr. Cobb. We disagree. The hearing officer properly based her finding on Dr. Bemauer’s medical opinion. In Dr. Bemauer’s opinion Duhon’s ulnar nerve complaints seemed unrelated to the alleged work accident. Dr. Bernauer further reported he:
“would not suggest doing an anterior cervical diskectomy and fusion for a degenerative neck disk.”
Nevertheless, Duhon contends his trae medical condition cannot be determined unless he is allowed to have the discogram and/or an EMG/Nerve Conduction Study. He contends his neck and shoulder injuries *927 in “someway” may be precipitating his elbow and hand problems; and in any event, the testing is necessary to rule this possibility out. However, Dr. Bernauer indicated the following when Duhon’s counsel questioned him regarding this “connection theory:”
Q: Now, when you’re dealing with an ulnar nerve problem and you’re dealing with a neck problem, C5-6 and C6-7, can you get the same types of symptoms from either of these problems?
A: Not really. The nerve root that’s involved in the ulnar nerve is usually the C8-T1 nerve root, and that’s a different nerve root than you would get from the 5-6 or 6-7 disc.
Again we cannot say the hearing officer erred in finding Duhon’s ulnar nerve problem was unrelated to the work accident and, further denying his claim for | ginedical costs to perform the discogram and surgery recommended by Dr. Cobb.
DECREE
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.