772 So.2d 350 (2000)
SNELLING PERSONNEL SERVICES
v.
David DUHON.
No. 00-661.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
*351 M. Blake Monrose, Hurlburt, Privat & Monrose, Lafayette, LA, Counsel for Plaintiff/Appellee, Snelling Personnel Services.
Michael B. Miller, Michael B. Miller, Crowley, LA, Counsel for Defendant/Appellant, David Duhon.
(Court composed of Judge HENRY L. YELVERTON, Judge ULYSSES GENE THIBODEAUX and Judge SYLVIA R. COOKS).
THIBODEAUX, Judge.
Snelling Personnel Services (hereinafter "Snelling") had been voluntarily paying indemnity and medical benefits to David Duhon since Mr. Duhon's neck injury in 1995. Snelling filed a request to terminate benefits. The workers' compensation judge held that Mr. Duhon was not entitled to continued indemnity and medical benefits based upon the medical evidence. Mr. Duhon appeals this judgment.
We affirm the judgment of the Office of Workers' Compensation.

I.

ISSUE
We shall decide whether the workers' compensation judge erred in finding that Mr. Duhon was not entitled to weekly indemnity benefits or medical benefits for work-related injuries incurred in the course of his employment with Snelling Personnel Services.

II.

FACTS
Mr. Duhon, employed as a roughneck on an oil rig through Snelling, alleges that on *352 February 17, 1995, he suffered a neck injury while within the course and scope of his employment. Following Mr. Duhon's claim for workers' compensation benefits, Snelling and its workers' compensation insurer, Credit General Insurance Company, voluntarily paid temporary total disability benefits at the rate of $303.75 per week to Mr. Duhon in addition to medical benefits. In 1995, Mr. Duhon filed a claim with the Office of Workers' Compensation against Snelling for medical treatment for an ulnar nerve injury, a cervical discogram, and cervical surgery. The workers' compensation judge held: (1) the ulnar nerve injury was unrelated to any injury suffered while Mr. Duhon was in the course and scope of his employment with Snelling and; (2) the cervical discogram and surgery were medically unnecessary. We affirmed this judgment on appeal. See Duhon v. Snelling Personnel Services, 97-347 (La. App. 3 Cir. 10/8/97); 702 So.2d 922, writ denied, 98-71 (La.3/13/98); 712 So.2d 883. In that decision, we noted that neither the furnishing of medical services nor payments by the employer or the employer's insurance carrier constituted an admission of liability for compensation. Id.
Snelling filed a Form LDOL-WC-1008 on July 17, 1998 seeking authorization from the Office of Workers' Compensation to discontinue voluntary payments. Snelling alleged Mr. Duhon was no longer totally disabled and that it was therefore entitled to terminate weekly benefits or, in the alternative, was entitled to reduce Mr. Duhon's benefits by fifty percent for his failure to cooperate with vocational rehabilitation. At the trial on the merits, the record from the previous trial, which included Mr. Duhon's medical records and deposition from his physician, the report from the independent medical examiner (IME) chosen by the Office of Workers' compensation, and the medical report from a physician Mr. Duhon had seen as a result of his claim for Social Security disability benefits, were offered into evidence. The Office of Workers' Compensation ordered Mr. Duhon to appear for a medical examination by Dr. Bernauer, the IME from the first trial, and an MRI. Dr. Bernauer stated that if no change were seen in an MRI, Mr. Duhon was to be considered at maximum medical improvement and should return to work not lifting greater than twenty-five pounds or working above shoulder level. The subsequent MRI report indicated no real change in his condition and showed that Mr. Duhon had degenerative joint and disc disease along the majority of the cervical spine without evidence of disc herniation or definite spinal stenosis. The workers' compensation judge held that Mr. Duhon did not suffer from any compensable injury under the Louisiana Workers' Compensation Act and was no longer entitled to indemnity and medical payments.

III.

LAW AND DISCUSSION

Standard of Review
In workers' compensation cases appellate courts are required to apply the manifest errorclearly wrong standard of review on factual issues. Cenla Steel Erectors v. McDonald, 98-1355 (La.App. 3 Cir. 3/3/99); 737 So.2d 82, writ denied, (La.5/14/99), 741 So.2d 669. Great weight is given the trial court's factual conclusions, reasonable evaluations of credibility, and reasonable inferences of fact. Dixon v. Louisiana Restaurant Ass'n, 561 So.2d 135 (La.App. 3 Cir.1990).

Termination of Benefits Burden of Proof
Mr. Duhon argues that Snelling, as the plaintiff in this case, has the burden of proving that Mr. Duhon, as the defendant, is not entitled to indemnity and medical benefits. Duhon claims that because Snelling seeks to stop paying benefits, it must prove by a preponderance of the evidence that Duhon is not entitled to those benefits.
*353 Under La.R.S. 23:1221, a claimant seeking a judicial determination of entitlement to benefits must prove by clear and convincing evidence that he or she is physically unable to engage in any employment or self-employment as a result of a work. Anderson v. Biedenharn Bottling Group, 95-646 (La.App. 3 Cir. 11/2/95); 664 So.2d 588. This burden applies in the case where the employer does not pay voluntarily. Thus, in such a case, the claimant clearly bears the burden of proving that the injury is work-related.
Voluntary payment of benefits by the employer might be thought to constitute an admission of liability were it not for the existence of La.R.S. 23:1204. Section 1204, however, encourages voluntary payment of compensation by reassuring the employer that voluntary payments do not constitute an admission of liability. If the employer chooses this route, the employee is then prohibited from litigating the issue. Section 1204 fosters the humane policies underlying the workers' compensation statutory framework by encouraging voluntarily payments to a legitimately injured employee.
Mr. Duhon has no judgment declaring his entitlement to benefits; rather, Snelling has been paying these benefits voluntarily. Therefore Snelling's payments are not admissions of liability. If we were to allow Mr. Duhon to now shift the burden of proof to Snelling, then Mr. Duhon, the claimant, in essence would be allowed to entirely avoid ever having to bear the burden of proving that his injury was compensable under the standards articulated in La.R.S. 23:1221. Mr. Duhon may not now avoid this obligation by arguing that the employer's voluntary payments shifted the burden of persuasion.
It is true that under normal rules of procedure and litigation the party who makes a claim for relief must bear the burden of proof. However, because the voluntary payments by Snelling did not create a presumption of entitlement to benefits by Duhon, Snelling, as the employer, may move to terminate benefits. Snelling filed the 1008 Form with the Office of Workers' Compensation to avoid the possibility of unilaterally, and possibly erroneously, terminating benefits and as a result being subject to penalties and attorney fees for arbitrary termination. Workers' compensation law allows an employer or employee to file a claim with the Office of Workers' Compensation to resolve a dispute between the employer and the claimant. See La.R.S. 23:1310(A). The statute provides that "[i]f ... a bona fide dispute occurs, the employee ... or the employer or insurer may file a claim ... on a form to be provided by the director." Id. It was not legally necessary that Snelling file this form; the employer may terminate voluntary payments at will and with impunity, provided the termination is not arbitrary and capricious. Snelling would only bear the burden of proof in seeking termination of benefits had there been a prior judicial finding of employer liability.
In enacting these provisions, the legislature clearly intended to encourage employers to make voluntary workers' compensation benefit payments. If we were to allow Mr. Duhon to now claim entitlement to benefits based on his employer's voluntary payments, the very purposes of the statute would be thwarted. Employers would be forced to prove a negative, that is, that the employee was not entitled, if they undertook to make voluntary payments. They would thereby be discouraged from paying voluntarily, fearing that doing so would lead to claimants being presumptively entitled. We refuse to lend our judicial imprimatur to such a position. Further, it would undermine public policy, the principles of judicial economy, and the very humane purposes of these statutory provisions. Therefore, we reject Mr. Duhon's argument and find that the burden of proof of entitlement to benefits remains with Mr. Duhon.

*354 Absence of Compensable Injury
Mr. Duhon has offered no evidence that would indicate that he is disabled as a result of any injury that occurred on February 17, 1995. On the contrary, the reports of other physicians offered into evidence by Snelling, and by Snelling and Mr. Duhon jointly, do not indicate that the disability arises from the incident. Further, Mr. Duhon has not been seen by his own orthopedic surgeon since 1995. Perhaps most compelling, Dr. Bernauer, the physician selected by the Office of Workers' Compensation, offered testimony that Mr. Duhon was capable of returning to full employment with regards to the muscle strain, the only injury related to the incident of February 17, 1995. Further, he described the disability which prevents Mr. Duhon from lifting more than twenty-five pounds or working above shoulder level as arising from the ulnar nerve compression syndrome which has already been found by this court not to be related to the February 17, 1995 incident. See Duhon, 702 So.2d 922. Thus, in the only other trial on the merits of Mr. Duhon's entitlement to benefits as a result of the incident at issue, the workers' compensation judge found that Mr. Duhon's ulnar nerve injury, the cause of his current disability, was not work-related, a judgment we upheld. Id.

IV.

CONCLUSION
Based upon the foregoing reasons, we affirm the judgment of the Office of Workers' Compensation that David Duhon does not suffer from any compensable injury under the workers' compensation laws of the State of Louisiana and is, therefore, not entitled to any benefits. All costs of this appeal are assessed against Mr. Duhon.
AFFIRMED.