STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-528

FRU-CON CONSTRUCTION CORPORATION

VERSUS

CLARENCE MOORE

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION DISTRICT 2
GRANT PARISH, NO. 10-10536
JAMES BRADDOCK, WORKERS COMPENSAITON JUDGE

SYLVIA R. COOKS
JUDGE

Court composed of Sylvia R. Cooks, James T. Genovese, Phyllis M. Keaty, Judges.

AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.

Madeline  J. Lee
Christina S. Slay
Bolen, Parker, Brenner & Lee, Ltd.
P.O. Box 11590
Alexandria, La  71315-1590
(318) 445-8236
Counsel for Plaintiff/Appellant; Fru-Con Construction Corporation

Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
P.O. Box 1311
Alexandria, LA  71309-1311
(318) 487-4589
Counsel for Defendant/Appellee; Clarence Moore

COOKS, Judge.

## FACTS AND PROCEDURAL HISTORY

Clarence Moore (Claimant) is a fifty-four year old worker who was injured in 2003 while working as a welder for Fru-Con Construction Corporation (Fru-Con). Claimant received workers' compensation benefits for an injured knee and back. Claimant was treated by Dr. Gordon Webb, Dr. Douglas Ganburg, and Dr. Greg Garrison. He received weekly indemnity benefits and, in 2005, returned to work for Fru-Con on a modified basis. In 2006, Claimant re-injured his left knee and his back on the job while working for Fru-Con. In 2006, following the second accident, Claimant underwent an MRI of his left knee. The MRI indicated recurrent tearing and subtle medial and patellafemoral compartment chondromalacia. In both 2003 and 2005, Claimant had two functional capacity evaluations (FCE's) which demonstrated he could work at the sedentary level. He has also been treated for depression and chronic pain syndrome by Dr. James Quillin, a board certified psychologist. Dr. Michael Dole (Dr. Dole) is Claimant's current treating physician who has prescribed various narcotic and anxiolytic medications for treatment of chronic pain. Fru-Con had second medical opinion (SMO) and independent medical examination (IME) orthopedic examinations performed on Claimant. Fru-Con's doctor and the IME doctor recommended Claimant's treating physician take him off all prescribed narcotic pain medications, and anxiolytic medications, and further recommended that once Claimant has stopped taking these medications a FCE be conducted on Claimant.

Dr. Dole rejected these recommendations. Fru-Con thereafter filed a Petition for Declaratory Judgment, asking the workers' compensation judge (WCJ) to decide what course of treatment the Claimant should follow. Claimant filed an Exception of Prematurity, No Cause of Action, and a Motion for Sanctions and Attorney Fees. The WCJ dismissed the Exception of Prematurity because it was

1

not filed prior to filing an answer. He sustained Claimant's Exception of No Cause of Action dismissing Fru-Con's Petition for Declaratory Judgment but denied Claimant's Motion For Sanctions and Attorney Fees. Fru-Con sought leave of court to amend their petition arguing that they could terminate either Claimant's indemnity or medical benefits and thereby make an appropriate allegation bringing their Petition for Declaratory Judgment within the requirements of La.R.S. 23:1314. The WCJ denied Fru-Con's request.

Fru-Con appeals alleging the WCJ erred in dismissing its Petition for Declaratory Judgment; in granting Claimant's Exception of No Cause of Action; and in failing to allow it to amend its petition. Claimant did not appeal the denial of its Motion for Sanctions and Attorney Fees. For the reasons stated below and in *Fru-Con Construction Corp. v. Xchanging and Oscar A. Kierum,II* 11-529, (La.App. 3 Cir. 11/__ /11), __So.3d__, we affirm in part and remand with instructions.

## DISCUSSION

Fru-Con asserts that this court should not follow the decisions of our three sister circuit courts of appeal which have held that the provisions of La.R.S. 23:1314 apply to both employers and employees. *See La. Commerce & Trade Ass'n v. Cruz*, 09-2014 (La.App. 1 Cir. 5/7/10), 38 So.3d 1041; *Michaels Store, Inc. v. Hart*, 01-655 (La. App. 4 Cir. 5/20/02), 815 So.2d 201, citing and attaching as an appendix, *Labor Ready, Inc. v. Lorick*, 00-1559 (La.App. 4th Cir. 9/6/00), *unpublished opinion, writ denied*, 00-2801 (La. 12/8/00), 776 So.2d 461; *Bank One v. Johnson*, 04-508 (La.App. 4 Cir. 8/11/04), 882 So.2d 30; *Jim Walter Homes v. Long*, 02-950 (La.App. 4 Cir. 12/18/02), 835 So.2d 877; and *Clement v. Blanchard*, 05-531 (La.App. 5 Cir. 2/14/06), 924 So.2d 295. Under these decisions Fru-Con concedes the correctness of the WCJ's ruling herein regarding application of the provisions of La.R.S. 23:1314 to employers. Fru-Con, however, urges this

court to render a decision at odds with these decisions and thereby give cause for the Louisiana Supreme Court to make a ruling on the matter. We first note, that the Louisiana Supreme Court has refused to take up this issue in a case out of the Louisiana fourth circuit court of appeal. In *Labor Ready, Inc.*, the Fourth Circuit held that the provisions of La.R.S. 23:1314 apply equally to both employer and employee governing "the procedure every court must follow when dealing with a worker's compensation claim petition form." *Michaels Stores, Inc.* at 204. In *Labor Ready, Inc.* and in *Michael Stores, Inc.*, the fourth circuit upheld the WCJ's dismissal of an employer's petition as it failed to allege any of the bases enumerated in La.R.S. 23:1314 and, therefore, under the express provisions of the statute, found its petition was premature. In rejecting the employer's argument that the court's interpretation of the statute "will surely lead to absurd results when a court is forced to read this statute's requirements strictly and mandate an 'employer' claimant to include one of the necessary allegations mentioned above to avoid a finding of prematurity[,]" *Michaels* at 204, the fourth circuit in *Labor Ready, Inc.*, agreed with the trial court's observation that the "employer has the option under the La. Worker's Compensation Act to deny a claim it thinks is not compensable." *Michaels* at 205. Thus, the fourth circuit reasoned, "[w]ith this noted option always available to an employer, the trial court's reading of La. R.S. 23:1314 does not always lead to such an absurd result as the appellant claims." *Id.*

In the case before us, we note with interest the WCJ's observation made during the hearing on the matter before him which illuminates the rationale for his decision. The WCJ observed that the Petition for Declaratory Judgment filed by Fru-Con sought to place competing medical advice regarding the care and treatment of Claimant before him; have him decide whether the advice of the IME doctor should be imposed upon Claimant or should Claimant's treating physician's advice be followed by Claimant. The WCJ correctly observed that our workers'

3

compensation law entitles every claimant to be treated by a physician of his choice. *See* La.R.S. 23:1121(B) and *Smith v. S. Holding, Inc.*, 02-1071 (La. 1/28/03), 839 So.2d 5. As he further correctly observed, if and when an employer is convinced that the IME doctor's findings and recommendations are correct, it has the right to terminate the employee's benefits at its peril. But the employer in this case, and in those decided by our sister circuits, seeks another remedy which does not put it at risk for penalties and attorney fees for wrongfully denying/terminating benefits. The employer argues that it should be allowed to bring its Petition for Declaratory Judgment without meeting the requirements of La.R.S. 23:1314.

Fru-Con admits that none of the mandatory enumerated allegations of the statute form the basis of its petition. Fru-Con argues that the statute was not intended to apply to employers. It asserts that it is "absurd" to apply its requirements to an employer seeking a declaratory ruling from a WCJ forcing the WCJ to decide whether an IME doctor's recommendations as to treatment should be implemented instead of the Claimant's treating physician's manner of treatment. Fru-Con further seeks a determination of whether the IME doctor's findings of disability should prevail. These arguments have failed to convince our sister circuits to make such an interpretation of the provisions of our workers' compensation statutory scheme and likewise fail to convince this court. The Louisiana Supreme Court refused to accept writs to address the findings of our sister circuits on this issue when it had an opportunity to do so. Such refusal is at least indicative of the correctness of the fourth circuit's ruling.

Fru-Con attempts to raise the issue of the constitutionality of La.R.S. 23:1314 as applied to employers for the first time in its reply brief. We cannot address the issue of this statute's constitutionality in this case, as it was not mentioned, briefed, nor argued in any filings in the court below. Louisiana Revised Statutes 23:1310.3(G) expressly provides:

4

(1)    Any person challenging the constitutionality of any provision of this Chapter shall specially plead such an allegation in the original petition, an exception, written motion or answer, which shall state with particularity the grounds for such an allegation.

(2)    Within thirty days of the filing of any pleading raising the issue of unconstitutionality, the party making such an allegation must file a petition in a state district court of proper jurisdiction for purposes of adjudicating the claim of unconstitutionality.  Such filing shall be given priority in hearing such claim not more than ten days from being presented to the district court.

(3)    Failure to follow the procedures set forth in this Section shall bar any claim as to the unconstitutionality of any provision of this Chapter on appeal.

When we are presented with a question of law concerning a WCJ's ruling, we review the WCJ's finding to determine if it is legally correct.  *Scobee v. Brame*, 98-564 (La.App. 3 Cir. 10/28/98), 721 So.2d 977, *writ denied*, 98-2952 (La. 1/29/99), 736 So.2d 833. We now turn to the applicable statutory provisions regarding the filing of claims by either the employer or employee.  Louisiana Revised Statutes 23:1310(A) provides:

> If at any time after notification to the office of the occurrence of death or injury resulting in excess of seven days lost time, a bona fide dispute occurs, the employee or his dependent of the employer or insurer may file a claim with the state office, or the district office where the hearing will be held, on a form to be provided by the director.

Louisiana Revised Statutes 23:1310.3(A) provides in pertinent part:  "A claim for benefits, the controversion of entitlement to benefits, or other relief under the Workers' Compensation Act shall be initiated by the filing of the appropriate form with the office of workers' compensation administration."  The parties herein agree that the appropriate form for filing this employer's Petition for Declaratory Judgment is a Form 1008 which was filed by Fru-Con.  Louisiana Revised Statutes 23:1314 provides (emphasis added):

> A.    The presentation and filing of the petition under R.S. 23:1310.3 **shall be premature unless it is alleged in the petition that:**

5

(1)   The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter; or

(2)   The employee has not been furnished the proper medical attention, of the employer or insurer has not paid for medical attention furnished; or

(3)   The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefor has been made under this Chapter; or

(4)   The employer or insurer has not paid penalties or attorney's fees to which the employee or his dependent is entitled.

B.   The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the workers' compensation judge to be without reasonable cause or foundation in fact.

C.   **The workers' compensation judge shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.**

The first, fourth, and fifth circuits have held that the provisions of La.R.S. 23:1314 apply to Form 1008 which are filed by employers as well as those forms filed by employees. These courts have duly recognized the anomaly created by the provisions of La.R.S. 23:1310.3 and La.R.S. 23:1314 as applied to employers, but have rightly concluded that resolution of this statutory problem is within the province of the Louisiana legislature, not the courts. As Judge Armstrong wrote in her concurrence in *Bank One v. Johnson*, 882 So.2d at 33:

Bank One makes a valid argument that employers should have the prerogative to file a LDOL-WC-1008 form in cases where an employee is receiving benefits to which he or she may not be entitled. However, as we noted in *Michaels Store, Inc. v. Hart*, 2001-0655 (La.App.  4 Cir. 3/20/02), 815 So.2d 201, that is something that must be dealt with by the legislature's amending the Workers' Compensation statute or by the Supreme Court's holding that La.R.S. 23:1314 does not apply to LDOL-WC-1008 forms filed by employers.

We note that the earliest case deciding this issue was in 2002 and not since that

time has the legislature deemed it necessary to correct what has been described by the courts and employers as the "anomaly" presented by the workers' compensation statutes concerning the applicability of the provisions of La.R.S. 23: 1314 to employers. Further, the Louisiana Supreme Court has at least on one occasion, when presented with the opportunity to disagree with the courts of appeal on this issue, refused writs. Perhaps they, too, recognize that while employers may present a valid argument, it is the exclusive province of the legislature to write the laws. This court, as all others, is constrained to apply the laws as written and cannot substitute or delete words in statutes which we would have to do in order to rule as Fru-Con asks us to do. *See La. Commerce & Trade Ass'n v. Cruz*, 38 SO.2d at 1044.

We further note that Fru-Con's reliance on our decision in *Snelling Personnel Services v. Duhon,* 00-661 (La.App. 3 Cir. 11/2/00), 772 So.2d 350, is misplaced, and our decision in that case is not dispositive of the issue raised herein. We addressed an entirely different issue in *Snelling*, and the dicta recited by Fru-Con in brief does not support its position. In fact, as we read our language in *Snelling* we find that language supports our decision herein. In *Snelling v. Duhon,* 772 So.2d at 353, we said:

> Workers' Compensation law allows an employer or employee to file a claim with the Office of Workers' Compensation to resolve a dispute between the employer and the claimant. *See* La.R.S. 23: 1310(A). The statute provides that "[i]f … a bona fide dispute occurs, the employee … or the employer or insurer may file a claim … on a form to be provided by the director." *Id*. It was not legally necessary that Snelling file this form; the employer may terminate voluntary payments at will and with impunity, provided the termination is not arbitrary and capricious.

This language supports our position herein that La.R.S. 23:1310 is applicable to both employers and employees, thus rendering the provisions of La.R.S. 23:1314 as currently written also applicable to both. Further, as the WCJ in this case asked Fru-Con in the hearing on the matter, what is the "dispute" presented in

7

its Petition for Declaratory Judgment? The petition, rather than presenting a "bona fide dispute," seeks to have the WCJ chose the course of treatment and frequency of visits Claimant must make to his treating physician and seeks to have the WCJ make medical decisions for Claimant rather than allowing his treating physician, whom he has an absolute right to choose, do so. The WCJ did not manifestly err in refusing to make such choices. As we said in *Snelling*, this employer, if convinced of the findings and recommendations of the IME doctor, may choose to act accordingly and "terminate voluntary payments at will and with impunity, provided the termination is not arbitrary and capricious." *Snelling Personnel Services v. Duhon*, 772 So.2d at 353. Under the present statutory provisions, the employer cannot bring an action which does not comply with the provisions of La.R.S. 23:1314 for, in such instance, the WCJ is duty bound to dismiss the action as premature and is prohibited from addressing any other issue in the proceeding. *See* La. R.S. 23:1314(A) and (C). The statute instructs the WCJ to dismiss the petition if he finds that none of the enumerated causes are contained in the Form 1008 filed.

Fru-Con additionally asserts that it should be given the opportunity to "amend" its petition to afford it time to create a cause of action by terminating Claimant's indemnity or medical benefits. Fru-Con relies on the provisions of La.Code Civ.P. art. 934 which provides: (emphasis added)

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception *shall* order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

Article 934 provides when an amendment of the pleadings may suffice to state a cause of action in this case, the WCJ shall allow plaintiffs time to make such amendment. However, this right is not absolute. It necessarily hinges on whether,

8

based on the facts existing at the time suit was filed, plaintiff may be able, through amendment of the pleadings, to state facts sufficient for the WCJ to declare as a matter of law that plaintiff is entitled to the relief it requested. Although the transcript of the hearing contains the colloquy between the WCJ and Fru-Con's attorney regarding Fru-Con's request for leave to amend its petition, the WCJ failed to directly address in his judgment the issue of why Fru-Con would not be allowed to amend its petition. The WCJ explained in the hearing that Fru-Con's petition presents no "dispute", i.e., no justiciable controversy upon which he could issue a ruling. As we have held, "there is no right or cause of action when there is no justiciable controversy." *Desselle v. Dresser Indus. Valve*, 96-374 (La.App. 3 Cir. 2/5/97), 689 So.2d 549, 551-52, *writ denied* 97-618 (La. 4/25/97), 692 So.2d 1086. "Additionally, the Trial Court is given discretion to refuse to render a declaratory judgment, and appellate courts should not reverse unless there is an abuse of discretion." *Id*. at 552. Fru-Con admits that at the time it filed its Petition for Declaratory Judgment none of the grounds stated in La.R.S. 23:1314 existed. Nevertheless, the WCJ did not address this issue in his judgment. We elect to remand the case to the WCJ with instructions that he directly address the issue of why he did not allow Fru-Con to amend its Petition for Declaratory Judgment.

**AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS**

9