# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-284

ELIZABETH SOILEAU

VERSUS

WAL-MART STORES, INC.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF EVANGELINE, NO. 10-04116
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett,  John E. Conery, Judges.

**Amy, J., dissents and assigns reasons.**

**Conery, J., dissents for reasons assigned by Judge Amy and for additional reasons assigned.**

**REVERSED.**

**Michael B. Miller**
**Jacqueline K. Becker**
**Attorneys at Law**
**Post Office Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF-APPELLANT**
       **Elizabeth Soileau**

**Keith J. Landry**
**Allen & Gooch, A Law Corporation**
**Post Office Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT-APPELLEE**
      **Wal-Mart Associates, Inc. and/or Wal-Mart Stores, Inc. D/B/A**
      **Wal-Mart Stores, Inc. and/or All Its Subsidiaries and Affilliates**

**PICKETT, Judge.**

A workers' compensation claimant appeals a judgment that allows her employer to require her to use a pharmacy it owns and operates for all of her prescription needs. For the following reasons, we reverse the judgment.

**FACTS**

In June 2008, Elizabeth Soileau was injured in the course and scope of her employment with Wal-Mart Stores, Inc. In September 2016, Ms. Soileau obtained a judgment against Wal-Mart ordering that she "is entitled to prescriptions of Hydrocodone, Lyrica, Celebrex, and Voltaren gel." The following June, the supreme court decided *Burgess v. Sewerage & Water Board of New Orleans*, 16-2267 (La. 6/29/17), 225 So.3d 1020, in which it held that Louisiana workers' compensation laws do not allow an employee to choose the pharmacy she wants to use for her prescription needs. Two months later, Wal-Mart notified Ms. Soileau that she could no longer use the pharmacy she was using for her prescriptions and that she could only use "a Wal-Mart or Sam's Club Pharmacy" for her future prescriptions needs.

After Wal-Mart failed to fill two of the prescriptions that are the subject of the September 2016 judgment, Ms. Soileau filed a motion seeking to compel Wal-Mart to designate a pharmacy other than Wal-Mart or Sam's Club for her prescriptions. She acknowledged in her motion that the *Burgess* decision authorized Wal-Mart to require her to use a specific pharmacy but argued that Wal-Mart's requirement that she use only pharmacies it owns and operates exceeds the scope of *Burgess* for a number of reasons, e.g., it created a conflict of interest for pharmacy personnel between its employer and her.

Wal-Mart opposed Ms. Soileau's motion, arguing that *Burgess* does not restrict an employer's authority to designate a pharmacy, that any problems Ms.

Soileau experiences with Wal-Mart or Sam's Club pharmacy services can be addressed under La.R.S. 23:1201(E), and that she previously used its pharmacy for her prescription needs. For reasons urged by Wal-Mart, the workers' compensation judge (WCJ) denied Ms. Soileau's motion.

Ms. Soileau filed a writ application with this court, seeking reversal of the WCJ's judgment. This court denied the writ application, finding the judgment "addresse[d] the merits of the only remaining matters" pending before the workers' compensation court and instructed Ms. Soileau to comply with the rules applicable to appeals. Ms. Soileau then appealed the WCJ's judgment.

## ASSIGNMENTS OF ERROR

In her sole assignment of error, Ms. Soileau urges that "[t]he [WCJ] erred in expanding the application of *Burgess v. Sewerage & Water [Board] of New Orleans*, 16-2267 (La. 6/29/2017), 225 So.3d 1020, to allow an employer to force its employee in a workers' compensation case to receive pharmaceutical treatment at its own facility."

## DISCUSSION

### *Is a Claim at Issue?*

Wal-Mart argues that Ms. Soileau does not present a claim that needs to be decided. This argument is based on the fact that she testified at trial that two prescriptions she sought to have filled at Wal-Mart's pharmacy were not filled; however, she does not seek an order that the prescriptions be filled and that she be awarded penalties and attorney fees.

In *Abbott v. Parker*, 259 La. 279, 308, 249 So.2d 908, 918 (1971), the supreme court explained that a justiciable controversy exists, when "an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relation of the

2

parties who have real adverse interests." Ms. Soileau presents an actual dispute—whether Wal-Mart has the right to require that she obtain her prescriptions from its pharmacy, and she seeks relief in the form of a judgment ordering Wal-Mart to designate a pharmacy other than one that it owns to handle her prescription needs. Therefore, her claim presents a justiciable issue.

### *Conflict of Interest*

In *Burgess*, the supreme court determined that the legislature granted workers' compensation claimants the right to choose their treating physician, La.R.S. 23:1121(B), but not the right to choose their pharmacy. The court considered the split among the appellate courts on this issue and adopted the reasoning set forth by this court in *Sigler v. Rand*, 04-1138 (La.App. 3 Cir. 12/29/04), 896 So.2d 189. Distinguishing a claimant's right to choose her physician from the right to choose her pharmacy, the supreme court observed:

> Reliance on jurisprudence concerning choice of physician is misguided. Unlike La. R.S. 23:1121(B) governing choice of physician, the legislature **has not afforded the employee an absolute right to select a pharmacy under La. R.S. 23:1203(A)**. This distinction is logical considering the importance of the doctor-patient relationship. Unlike a patient's personal relationship with his doctor, there is no meaningful difference relative to which pharmacy is used to dispense a prescription drug that would mandate employee choice under the LWCA.

*Burgess*, 225 So.3d at 1027 (emphasis added). The court further observed that regardless of what pharmacy the employee used, the medication was whatever her physician ordered.

In reaching this conclusion, the supreme court examined the following directives outlined by the legislature as to how workers' compensation laws are to be construed:

> (1) The provisions of this Chapter are based on the mutual renunciation of legal rights and defenses by employers and employees alike; therefore, it is the

3

specific intent of the legislature that workers' compensation cases shall be decided on their merits.

(2) Disputes concerning the facts in workers' compensation cases shall not be given a broad, liberal construction in favor of either employees or employers; **the laws pertaining to workers' compensation shall be construed in accordance with the basic principles of statutory construction and not in favor of either employer or employee**.

3) According to Article III, Section 1 of the Constitution of Louisiana, the legislative powers of the state are vested solely in the legislature; therefore, when the workers' compensation statutes of this state are to be amended, the legislature acknowledges its responsibility to do so. **If the workers' compensation statutes are to be liberalized, broadened, or narrowed, such actions shall be the exclusive purview of the legislature**.

La. R.S. 23:1020.1(D) (Emphasis added). To extend the legislatively-granted employee choice of treating physician to include the choice of pharmacy can only be accomplished by giving an impermissibly expansive reading to the provisions of La.R.S. 23:1203(A) and La. R.S. 23:1121, thus broadening the employee's rights in contravention of La.R.S. 23:1020.1(D).

Thus, while the injured employee is entitled to choose his treating physician under the LWCA, we hold the law does not provide the employee a right to choose a specific pharmaceutical provider. . . .

It is important to recognize that the LWCA gives the employee protections to ensure the employer satisfies its obligations under La. R.S. 23:1023. If an injured employee experiences any delays or other discernable deficiencies in filling his prescriptions through the employer-chosen pharmacy, constituting a violation of the employer's duty under La. R.S. 23:1203(A), the employee has a remedy for penalties pursuant to La. R.S. 23:1201(E).

*Id.* at 1028.

Contrary to Wal-Mart's claim, the issue before us is not the issue decided in

*Burgess*. Ms. Soileau does not seek to choose her own pharmacy—she seeks to

have Wal-Mart choose a pharmacy that it does not own and operate. Ms. Soileau

contends that Wal-Mart's designation of itself as her pharmacy created a conflict

of interest. We agree. The conflict is between Wal-Mart's duty to Ms. Soileau and

4

its own self-interest. A Wal-Mart pharmacist is a healthcare provider, La.R.S. 23:1021(6); consequently, Wal-Mart designated itself as Ms. Soileau's healthcare provider. As discussed in *Burgess*, Wal-Mart's pharmacist will fill her prescriptions with the same medication any other pharmacist would, yet authorization of the prescription is in Wal-Mart's discretion. Thus, a concurrent conflict of interest exists here with the pharmacy staff, including the pharmacist, having conflicting obligations and loyalties to their employer and their customer.

The conflict of interest herein also restrains Ms. Soileau's attorneys' ability to obtain information from Wal-Mart's designated pharmacy when Wal-Mart does not authorize the pharmacy to fill a prescription. *See* Rules of Prof.Conduct, Rule 4.2, which prohibits an attorney from communicating with persons known to be represented by counsel about the subject of the representation and without the consent of their counsel. Ms. Soileau's attorneys urge that this prohibition prejudices her ability to determine why prescriptions are not filled and whether she has a claim for penalties and attorney fees against Wal-Mart, as well as her ability to prove such a claim. The attorneys can no longer talk directly to pharmacy personnel to inquire why a prescription was not authorized, and, even if they could, there is a real concern they could not get an accurate answer from Wal-Mart's own employees.

In *Burgess*, the supreme court determined that the workers' compensation laws do not grant the claimant the right to choose the pharmacy. In doing so, the court did not determine that an employer can designate itself as a workers' compensation claimant's pharmacy. Indeed, the legislature has not given the employer "an absolute right to select a pharmacy," just as it "has not afforded the employee" that right. *Burgess*, 225 So.3d 1027.

The supreme court pointed out that our workers' compensation laws are not to be construed "in favor of either employer or employee." *Id.* Nonetheless, that is exactly what Wal-Mart seeks to do here because, undoubtedly, it will derive financial gain by requiring its workers' compensation claimants to fill all their prescriptions in its pharmacies. Though the supreme court found the distinction between "the importance of the doctor-patient relationship" and the pharmacist-patient relationship to be logical, stating "there is no meaningful difference relative to which pharmacy is used to dispense a prescription drug that would mandate employee choice under the LWCA," it did not consider specifically the issues presented when an employer designates itself as a workers' compensation claimant's pharmacy. *Id.* at 1027. For these reasons, we hold that Wal-Mart's conflict of interest between its self-interest and its duty to Ms. Soileau prohibits it from designating itself or Sam's Club as the only pharmacy Ms. Soileau can use for her prescription needs.

## DISPOSITION

For the reasons discussed above, the judgment of the WCJ is reversed, and Wal-Mart Stores, Inc. is ordered to designate a pharmacy other than a Wal-Mart Stores, Inc. or Sam's Club Pharmacy to handle Elizabeth Soileau's prescription needs. All costs are assessed to Wal-Mart Stores, Inc.

**REVERSED.**

6

NUMBER 18-284

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

ELIZABETH SOILEAU

VERSUS

WAL-MART STORES, INC.

AMY, Judge., dissenting.

I respectfully dissent from the majority opinion as I find that an affirmation is required. Simply, I find that the direct language employed by the supreme court in *Burgess v. Sewerage & Water Bd. of New Orleans*, 16-2267 (La. 6/29/17), 225 So.3d 1020 is controlling. In its consideration of divergent circuit opinions, the supreme court explained that: "[W]e hold the Third and Fifth Circuits have correctly determined the employer has the right to choose the pharmacy to furnish necessary prescription drugs to an injured employee in a workers' compensation case." *Id.* at 1026. I do not find that the employer's choice of its own pharmacy to be of such a nature so as to require deviation from that broad principle.

ELIZABETH SOILEAU

VERSUS

WAL-MART STORES, INC.


Conery, J., dissents for the reasons assigned by Judge Amy and for the following additional reasons.

This matter came before the Worker's Compensation Judge on a **Motion To Compel.** The WCJ summarized the relief sought by the plaintiff in oral reasons and stated, "The plaintiff in this matter seeks an order from this Court ordering Walmart to approve her work-related prescriptions at a pharmacy rather than Walmart Stores, Incorporated, and within close proximity to her home [and] Dr. Blanda's office."

In denying the relief sought, the WCJ cited the supreme court case of *Burgess v. Sewerage & Water Bd. Of New Orleans*, 16-2267, (La. 6/29/17), 225 So.3d 1020, which held that the employer has the choice of pharmacy in a worker's compensation case.

The WCJ noted that if "Miss Soileau experiences any delays or deficiencies in filling her prescriptions, Miss Soileau has a remedy under Louisiana Revised Statute[s] 23:1201(E), which requires that all, "[M]edical benefits payable under this Chapter shall be paid within sixty days." In order to obtain relief, Miss Soileau would be required to file a Disputed Claim For Compensation (LWC-WC-

1008) form pursuant to La.R.S. 23:1310.3(A) and La. R.S. 23:1203.1(J). No such claim was filed in this case.

A panel of this circuit in *Fru-Con Const. Corp. v. Moore*, 11-528 (La.App. 3 Cir. 12/14/11), 81 So.3d 202 was faced with a similar situation in connection with a petition for a declaratory judgment, and applied La.R.S. 23:1310.3(A). That statute provides in pertinent part: "A claim for benefits, the controversion of entitlement to benefits, or other relief under the Worker's Compensation Act shall be initiated by the filing of the appropriate form with the office of worker's compensation administration."

The *Fru-Con* panel then discussed the application of La.R.S. 23:1314, which provides in pertinent part:

A. The presentation and filing of the petition under R.S. 23:

1310.3 shall be premature unless it is alleged in the petition that:

….

(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; …

….

C. The worker's compensation judge shall determine the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.

In this case, there has been no LWC-WC-1008 form filed by Miss Soileau in connection with her "motion to compel". Therefore, I would find that the "motion to compel" filed by Miss Soileau was without reasonable cause and was premature, pursuant to La.R.S. 23:1314. Furthermore, it was also improperly before the WCJ as Miss Soileau's motion to compel was not filed in conjunction with the required LWC-WC-1008 form as mandated by La.R.S. 23:1310.3(A).