AMY, Judge., dissenting.
I respectfully dissent from the majority opinion as I find that an affirmation is required. Simply, I find that the direct language employed by the supreme court in *693 Burgess v. Sewerage & Water Bd. of New Orleans , 16-2267 (La. 6/29/17), 225 So.3d 1020 is controlling. In its consideration of divergent circuit opinions, the supreme court explained that: "[W]e hold the Third and Fifth Circuits have correctly determined the employer has the right to choose the pharmacy to furnish necessary prescription drugs to an injured employee in a workers' compensation case." Id. at 1026. I do not find that the employer's choice of its own pharmacy to be of such a nature so as to require deviation from that broad principle.
Conery, J., dissents for the reasons assigned by Judge Amy and for the following additional reasons.
This matter came before the Worker's Compensation Judge on a Motion To Compel. The WCJ summarized the relief sought by the plaintiff in oral reasons and stated, "The plaintiff in this matter seeks an order from this Court ordering Walmart to approve her work-related prescriptions at a pharmacy rather than Walmart Stores, Incorporated, and within close proximity to her home [and] Dr. Blanda's office."
In denying the relief sought, the WCJ cited the supreme court case of Burgess v. Sewerage & Water Bd. Of New Orleans , 16-2267, (La. 6/29/17), 225 So.3d 1020, which held that the employer has the choice of pharmacy in a worker's compensation case.
The WCJ noted that if "Miss Soileau experiences any delays or deficiencies in filling her prescriptions, Miss Soileau has a remedy under Louisiana Revised Statute[s] 23:1201(E), which requires that all, "[M]edical benefits payable under this Chapter shall be paid within sixty days." In order to obtain relief, Miss Soileau would be required to file a Disputed Claim For Compensation (LWC-WC-1008) form pursuant to La.R.S. 23:1310.3(A) and La. R.S. 23:1203.1(J). No such claim was filed in this case.
A panel of this circuit in Fru-Con Const. Corp. v. Moore , 11-528 (La.App. 3 Cir. 12/14/11), 81 So.3d 202 was faced with a similar situation in connection with a petition for a declaratory judgment, and applied La.R.S. 23:1310.3(A). That statute provides in pertinent part: "A claim for benefits, the controversion of entitlement to benefits, or other relief under the Worker's Compensation Act shall be initiated by the filing of the appropriate form with the office of worker's compensation administration."
The Fru-Con panel then discussed the application of La.R.S. 23:1314, which provides in pertinent part:
A. The presentation and filing of the petition under R.S. 23:
1310.3 shall be premature unless it is alleged in the petition that:
....
(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; ...
....
C. The worker's compensation judge shall determine the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.
In this case, there has been no LWC-WC-1008 form filed by Miss Soileau in connection with her "motion to compel". Therefore, I would find that the "motion to compel" filed by Miss Soileau was without reasonable cause and was premature, pursuant to La.R.S. 23:1314. Furthermore, it was also improperly before the WCJ as Miss Soileau's motion to compel was not filed in conjunction with the required *694 LWC-WC-1008 form as mandated by La.R.S. 23:1310.3(A).