STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-144

CLAIRE SOILEAU

VERSUS

TMC FOODS, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF ACADIA, NO. 07-02913
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

**ELIZABETH A. PICKETT
JUDGE**

**********

Court composed of John D. Saunders, Jimmie C. Peters, Marc T. Amy, Elizabeth A. Pickett, and John E. Conery, Judges.

**AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED WITH INSTRUCTIONS.**

Amy, J., dissents in part and assigns reasons.
Conery, J., concurs in part and dissents in part for the reasons assigned by Judge Amy.

Michael B. Miller
Michael Miller and Associates
Post Office Box 1630
Crowley, LA   70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
      Claire Soileau

**Shawn Collins**
**Law Offices of Keith S. Giardina**
**9100 Bluebonnet Centre Boulevard, Suite 300**
**Baton Rouge, LA   70809-2985**
**(225) 293-7272**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **TMC Foods, Inc.**

**Pickett, Judge.**

The claimant, Claire Soileau, sustained injury from a 2006 work-related fall. Although the employer, TMC Foods, Inc., paid compensation benefits, it terminated those benefits in 2011. The employer also denied a cervical surgery recommended by the claimant's treating orthopedic surgeon. In filing this matter, the claimant sought reinstatement of benefits, an order that the employer provide the recommended surgery, and penalties and attorney fees. Although the workers' compensation judge reinstated benefits and awarded penalties and attorney fees, it denied the surgery based upon a finding that the claimant failed to prove that the surgery was reasonable and medically necessary. The claimant appeals.

## FACTS

Ms. Soileau reported injury to the right side of her body after a 2006 fall while in the course and scope of her employment with TMC Foods, Inc. The employer provided workers' compensation benefits in light of those injuries. During the course of her injury, the claimant began treatment with Dr. John Cobb, an orthopedic surgeon. Of particular importance in this appeal are MRI reports from July 2006, and August 2010, which Dr. Cobb concluded revealed a worsening pattern of multi-level cervical disc degeneration, disc herniation, and cord compression. Thereafter, Dr. Cobb recommended a discectomy and fusion.[1] However, the recommended surgery was not approved, and by September 2011, the employer discontinued benefits.

To justify discontinuation of benefits, the employer notes that the claimant underwent an examination with Dr. Douglas Bernard in August 2010, who

---

[1] The exhibits in this case indicate that the claimant began treatment with Dr. John Sledge following Dr. Cobb's death in December 2011.

concluded that the claimant's neck complaints were attributable to degenerative disc disease. Additionally, Dr. Robert Holladay, appointed to perform an independent medical examination, also reported finding no radiculopathy causing the claimant's symptoms as suggested by Dr. Cobb. Dr. Holladay disagreed that the recommended surgery was necessary. As noted below, Ms. Soileau objected to the introduction of Dr. Holladay's report.

Initially, the claimant filed a disputed claim form seeking the recommended cervical surgery as well as penalties and attorney fees. By the time of the hearing, however, the claimant sought reinstatement of benefits as well. Although the hearing commenced in November 2011, the workers' compensation judge continued the matter so that the employer could depose Dr. Holladay, as discussed below. The hearing commenced again in February 2013.

Following the hearing, the workers' compensation judge reinstated benefits as of the date of termination, but denied the "cervical surgery recommended by Dr. Cobb" upon a finding that it was "not reasonable and medically necessary[.]" The workers' compensation judge also awarded: 1) $8,000.00 in penalties under La.R.S. 23:1201(F) for unpaid mileage submissions; 2) $8,000.00 in penalties under La.R.S. 23:1201(I) for the improper termination of benefits; and 3) $16,000.00 in attorney fees.

## ASSIGNMENTS OF ERROR

The claimant appeals, asserting three assignments of error:

1. It was error for the workers' compensation judge to fail to exclude the medical report and deposition of Dr. Robert E. Holladay.

2. The workers' compensation judge erred in not allowing the deposition of Dr. Bernard into evidence.

2

3. The workers' compensation judge erred in failing to find that Ms. Soileau was entitled to surgery as recommended by Dr. Cobb.

**DISCUSSION**

*Louisiana Revised Statutes 23:1317.1(E)(2)*

The claimant first questions whether the workers' compensation judge erred in rejecting her argument that the report of Dr. Holladay, an orthopedic surgeon who performed an independent medical examination, should have been excluded. Namely, the claimant argued that the employer's insurer's identity as the party requesting the IME was revealed to Dr. Holladay in certain correspondence. This communication, the claimant contends, violated La.R.S. 23:1317.1, which provides, in pertinent part (emphasis added):

> A. Any party wishing to request an independent medical examination of the claimant pursuant to R.S. 23:1123 and 1124.1 shall be required to make its request at or prior to the pretrial conference. Requests for independent medical examinations made after that time shall be denied except for good cause or if it is found to be in the best interest of justice to order such examination.
>
> . . . .
>
> E. When the independent medical examiner's report is presented within thirty days as provided in this Section:
>
> . . . .
>
> (2) Except to schedule the deposition or further discovery as described above, the office of the independent medical examiner *shall not* be contacted regarding the claimant by any party, attorney, or agent.

The workers' compensation judge denied the claimant's request to exclude the report, finding no indication that the IME process was tainted.

The procedural background surrounding the appointment of the IME in this case is important for consideration of the claimant's assignment. The record indicates that, upon request of the employer's insurer, the Director of the Office of

3

Workers' Compensation ordered an examination of the claimant pursuant to La.R.S. 23:1123.[2]  By letter dated December 6, 2010,[3] and on Office of Workers' Compensation letterhead, Dr. Holladay was informed of the appointment scheduled for the claimant's examination.  This letter identified the employer's insurer as the requesting party and indicated that the itemized bill and original report should be forwarded to the attention of the insurer's adjuster.  In separate correspondence also dated December 6, the Office of Workers' Compensation instructed the insurer to send the claimant's medical records and payment to Dr. Holladay.  By separate letter, the Office of Workers' Compensation informed the claimant of the IME and asked her to "[p]lease carry any films, MRI's and all diagnostics that you may have with you, otherwise the Insurance Co. is responsible to sent [sic] them for you before your appointment."  On December 14, the claimant filed a motion to quash the IME, suggesting that the December 6 notice was biased and that:  "Defendant had or will have direct contact with the IME physician in violation of LSA R.S. 23:1317(D)(3) [sic]."

In response to the motion to quash, the workers' compensation judge "converted the IME" to one originating under La.R.S. 23:1124.1.[4]  Under the new

---

[2] Louisiana Revised Statutes 23:1123 (emphasis added) provides for an IME under the supervision of the director as follows:

> If any dispute arises as to the condition of the employee, or the employee's capacity to work, *the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director.*

[3] The employer's opposition to the motion to quash indicated that the initial IME was scheduled for October 2010, but that the December 2010-January 2011 timeline arose after the claimant did not attend the October examination.  Notably, however, the claimant's motion to quash only addressed the December 2010 letters.

[4] Louisiana Revised Statutes 23:1124.1 (emphasis added) provides:

order, Dr. Holladay was again appointed as the IME physician. The record indicates that the claimant underwent the IME with Dr. Holladay in April 2011, who concluded that the claimant's medical records revealed only pre-existing disc changes with associated disc protrusion unrelated to the subject accident. Dr. Holladay disagreed with Dr. Cobb's recommendation of cervical surgery.

When this matter proceeded to a hearing on the merits in November 2011, the claimant's attorney objected to the introduction of the IME report,[5] suggesting that the initial correspondence tainted the independence of the IME process. The workers' compensation judge explained that:

> I am not ruling on the issue, but I'm letting you know that I'm listening. I think you know by now too, Ms. Leblanc [counsel for the employer], this is on my top five list of concerns, is the opportunity provided by the [La.R.S. 23:]1123 IME process for someone to have unrestricted *ex parte* contact with the doctor who is supposed to be unbiased. The argument Mr. Miller [counsel for the claimant] is making are the arguments that we have dealt with when I convert - - the reason I convert to [a La.R.S. 23:]1124.1, so the doctor is absolutely clear who is requesting the IME and what the issues are from our perspective. The report acknowledges that it is to District 4. The doctor is not confused by the time of his report.

> So, I guess what I'm saying is Mr. Miller's arguments are theoretical to a large extent, and that is why I am not excluding the documents as he's requesting. However, this falls into my area of concern. I'm listening to his argument, and there is a possibility that I would disregard the IME based on these allegations.

---

Neither the claimant nor the respondent in hearing before the workers' compensation judge shall be permitted to introduce the testimony of more than two physicians where the evidence of any additional physician would be cumulative testimony. *However, the workers' compensation judge, on his own motion, may order that any claimant appearing before it be examined by other physicians.*

[5] The workers' compensation judge considered the claimant's post-IME objection notwithstanding the fact that the claimant did not follow the procedure prescribed by La.R.S. 23:1317.1(F), which provides, in part, that: "Objections to the independent medical examination shall be made on form LDOL-WC-1008, and shall be set for hearing before a workers' compensation judge within thirty days of receipt."

So the question to you, Ms. Leblanc, he's not going to seek the deposition; he's made that clear. The question is: Do you want to recess and get Dr. Holladay's deposition?

The employer opted to accept the recess in order to take the deposition. It then offered that deposition when the hearing continued in February 2013. Therein, Dr. Holladay explained that although he had heard the name of the insurance adjuster, he did not recall any discussion regarding the claimant's case. Rather, he explained that his contact in the case was only with an assistant in the workers' compensation judge's office. He further explained that his records only reflected correspondence with the judge's office as well.

In the final ruling on the claimant's objection to the IME in reasons for ruling, the workers' compensation judge again recited the factual background[6] surrounding the appointment(s) of the IME and explained:

What I have done . . . is made the decision to not throw out Dr. Holladay's IME. I have looked at the evidence, including the September 2, 2010 correspondence evidence, including the September 2, 2010, correspondence from [the insurer's adjuster], "To whom it may concern," and that letter, to me, does not indicate any attempt to bias anyone, including the medical examiner, or attempt to persuade anyone as to the truth or righteousness of any position. It simply states that Ms. Soileau is treating with Dr. Cobb, who has diagnosed this. The employer's [second medical opinion] was completed

_____

[6] The workers' compensation judge set forth the history as follows:

Dr. Holladay was originally appointed the independent medical examiner through [a La.R.S. 23:1123] request to medical services. He was selected and appointed by the director. I believe [the claimant's counsel] filed a motion to quash the IME because it was appointed medical services. I did what I typically do under those circumstances; in that, I converted the IME to [a La.R.S. 23:1124.1] IME so that all communications would come through my office.

Because the adjuster had already complied with medical services instructions to forward information to the medical examiner, upon trial of the matter, Mr. Miller essentially requested that Dr. Holladay's IME be thrown out and a new IME physician appointed. Initially in February of this year, what we had discussed was my doing a quick review of Dr. Holladay's deposition, look at things to determine whether or not the IME should be thrown out, and then we would take it from there.

indicating that.  It appears to be a straightforward brief assessment of the opinions of the two doctors involved.

Dr. Holladay did not have his records when he was deposed, did not have all of the records.  We can only speculate as to whether or not he received this letter.  If I assume he did receive this letter, I don't think the content of the letter is prejudicial.  Further, in Dr. Holladay's deposition, the only contact he really remembered was through my office with Ms. Jennifer Meche, who is the person in my office responsible for communications with the IME physician.

Based on what I reviewed including the deposition of Dr. Holladay, there [is] no appearance of bias or partiality; and, therefore, I do believe Dr. Holladay's opinion is entitled to significant weight ordinarily assessed to an independent examiner.  I therefore keep his IME and accord it the weight to which it is entitled by law.

After review, we find the trial court erred in accepting and considering Dr. Holladay's report despite the violation of La.R.S. 23:1317.1(E)(2).

Ms. Soileau was entitled, pursuant to La.R.S. 23:1123, to an IME by a physician.  The letter identifying the insurer as the party requesting and responsible for the payment of the charges associated with the IME clearly violated the statute.  The WCJ determined that there was no bias and attempted to remedy this violation by converting the IME to one requested pursuant to 23:1124.1.  In our view, this action did not remedy the violation.

We next turn to the appropriate remedy for violation of the La.R.S. 23:1317.1(E)(2).  Ms. Soileau seeks exclusion of Dr. Holladay's report.  The statute does not prescribe exclusion of an IME report as a penalty for violation thereof.  Rather, the statute is silent as to the penalty for such a violation.  In *Duhon v. Snelling Personnel Serv.*, 97-347 (La.App. 3 Cir. 10/8/97), 702 So.2d 922, *writ denied*, 98-71 (La. 3/13/98), 712 So.2d 883, a panel of this court considered a case in which the claimant before it urged exclusion of an IME as in this case.  The *Duhon* court determined that the insurance adjuster in that case

contacted the IME after he had formulated his conclusions. *Id.* Accordingly, the panel found no error in the workers' compensation judge's consideration of the IME report. *Id.* The court went on to state:

> We caution, however, had the improper contact occurred before Dr. Bernauer formulated his conclusions, sanctions would have been appropriate. Improper contact with an independent medical examiner is expressly prohibited by statute, and we will not hesitate to exclude such reports when circumstances indicate even the slightest possibility that the physician's opinion or neutrality may have been compromised.

*Id.* at 926.

We find the appropriate remedy in this case is exclusion of Dr. Holladay's report. We will remand this case for appointment of a new independent medical examination.

*Deposition*

The employer in this case submitted the report, and report addendum, of Dr. Douglas Bernard, an orthopedic surgeon, who rendered a second medical opinion and in which he opined that the claimant suffered from degenerative disc disease and that "[t]here is no physical evidence that she has an ongoing radiculopathy or pinched nerve[.]" Dr. Bernard further explained that "[t]here is no need for any continued treatment." In response, the claimant sought to introduce Dr. Bernard's deposition from another, unrelated case. The claimant's attorney argued at the hearing in this matter that the deposition from the unrelated case would reveal an alleged pattern of misrepresentation in order to deny benefits and that Dr. Bernard's opinion was therefore unreliable. The workers' compensation judge denied the claimant's offer of the deposition, but permitted the claimant to make a proffer. The claimant now re-urges the relevance of that deposition.

Louisiana Code of Evidence Article 402 provides generally that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of Louisiana, this Code of Evidence, or other legislation. Evidence which is not relevant is not admissible." However, even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . ., or by considerations of undue delay, or waste of time." La.Code Evid. art. 403. On review, a trial court's decisions regarding the admissibility of evidence is afforded vast discretion and will not be reversed absent an abuse of that discretion. *Williams v. Lafayette City-Par. Consol. Gov't*, 11-281 (La.App. 3 Cir. 10/5/11), 72 So.3d 1028.

In this case, and notwithstanding the hearsay considerations of La.Code Evid. art. 804(B)(1) suggested by the employer, we find no abuse of the workers' compensation judge's discretion in its exclusion of the deposition at issue. Rather, the deposition was admittedly taken in an unrelated case and did not in any way pertain to the claimant's condition or her examination by Dr. Bernard. Further, the claimant obviously did not participate in that earlier deposition. Neither did the claimant avail herself of the employer's offer to continue the hearing so that she could depose Dr. Bernard. Simply, the claimant's counsel explained that the claimant would not do so because she "can't afford to take the doctor's deposition[.]"

Given the above considerations, we find no merit in this assignment of error.

*Surgery*

As we find that this case must be remanded for a new independent medical examination, we reverse the judgment of the trial court finding that the surgery was

not medically necessary, and remand for the WCJ to make that determination anew after considering the new IME report.

## DECREE

For the foregoing reasons, the ruling of the workers' compensation judge is reversed in part and affirmed in part. The case is remanded for the purposes of appointment of a new IME and reconsideration of the issue of the necessity of the surgery requested by Ms. Soileau. All costs of this proceeding are assessed to the employer-appellee, TMC Foods, Inc.

**AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED WITH INSTRUCTIONS.**

CLAIRE SOILEAU

VERSUS

TMC FOODS, INC.

AMY, J., dissenting in part.

I join in the majority's determination that the workers' compensation judge did not abuse her discretion in excluding the deposition of Dr. Douglas Bernard. As observed by the majority, that deposition arose from an unrelated case.

However, I respectfully dissent from the majority's decision to exclude the report of the physician performing the Independent Medical Examination and to remand for further proceedings. Rather, I do not find it at all clear that there was a violation of La.R.S. 23:1317.1(E)(2). That provision instructs that:

> E. When the independent medical examiner's report is presented within thirty days as provided in this Section:
>
> . . . .
>
> (2) Except to schedule the deposition or further discovery as described above, the office of the independent medical examiner shall not be contacted regarding the claimant by any party, attorney, or agent.

While the claimant asserts that La.R.S. 23:1317.1(E)(2)'s prohibition against contact "regarding the claimant by any party, attorney, or agent" was violated, I point out that the correspondence instituted by the employer/insurer in this case is directed toward the Office of Workers' Compensation, not the IME physician. Thereafter, the only correspondence evidenced by the record in which the insurer is revealed as the requesting party originated from the Office of Workers' Compensation. Although, in that correspondence, the Office of Workers'

Compensation instructed the insurer to forward payment and medical records to Dr. Holladay, the record is unclear as to whether any insurer-physician contact occurred during the brief time period between the correspondence and the claimant's motion to quash. Thus, I see no demonstrated connection between La.R.S. 23:1317.1(E)(2)'s prohibition of contact "by any party, attorney, or agent" and the correspondence of record in this case. While the insurer does not suggest that they did not forward the records, the parameters of any communication resulting from the Office of Workers' Compensation's instruction to do so is not explained in the record.

Further, the process in this case, as well as the workers' compensation judge's actions, are important in my opinion. Upon claimant's complaint regarding the procedure of La.R.S. 23:1123, the workers' compensation judge attempted to prevent the potential for objectionable contact by ordering the IME under La.R.S. 23:1124.1. Dr. Holladay thereafter rendered an IME report in which he disagreed with the need for surgery.

Afterwards, at the time of the hearing on the merits, the claimant suggested that the initial process under La.R.S. 23:1123 had tainted the subsequent IME appointment and examination. The workers' compensation judge again attempted to ensure the fairness of the exam procedure and permitted additional time for the deposition of Dr. Holladay to explore the nature of any prohibited contact. In ruling, and after thoughtful consideration, the workers' compensation judge found no indication of "bias or partiality" in the IME report. Instead, Dr. Holladay testified in his deposition that he had no independent recollection of contact with anyone regarding the case other than an assistant at the workers' compensation judge's office. While Dr. Holladay disagreed with the claimant's position that surgery was necessary, there is no indication that the opinion resulted from a lack of neutrality. In light of the workers' compensation judge's consideration of all of

2

these factors and given her ultimate conclusion, I find no error in her consideration of the report.

Finally, like the majority, I note that the claimant sought only exclusion of the IME report for violation of La.R.S. 23:1317.1(E)(2). Yet, the statute does not prescribe such a penalty, even in the face of a violation. Neither does the statute suggest the remedy employed by the majority. Again, however, I find no such violation proven since La.R.S. 23:1317.1(E)(2) only prohibits contact between a party, attorney, or agent and the IME physician. This record evidences only direct contact between the Office of Workers' Compensation and the IME physician. Additionally, and as stated above, the workers' compensation judge explored the potential of bias or partiality, finding none. I find that determination supported by the record.

For these reasons, I would leave the workers' compensation judge's consideration of the IME report undisturbed.